HENRY J. CLIFTON, AS ADMINISTRATOR OF THE ESTATE
of WILLIAM H. CLIFTON, DECEASED, *Appellant,*
v. W. H. CLIFTON AND ANNIE C. CLIFTON, *Appellees.*

BILL BY ADMINISTRATOR FOR REFUNDING BY HEIRS—WHEN IT
LIES—STATUTE OF LIMITATIONS IN SUCH CASES—WHEN BAR
OF STATUTE COMMENCES TO RUN.

1. As a general rule, in the absence of a statute, where a personal representative makes voluntary distribution of a balance, or settles legacies in full, he cannot maintain an action *at law* against the distributee or legatees to compel a refunding upon an insufficiency of assets in his hands for debts or claims, except where a special promise to refund has been made, or a refunding bond has been given. Equity, however, will usually give relief and compel the legatee or distributee to refund his *pro rata* share of the deficiency in proportion to the amount he has received from the estate, although no refunding bond has been given, where the representative acted in good faith and with due care and diligence in making the payments or distribution, honestly believing the assets sufficient, and the deficiency was caused by no fault on his part.

2. Against a bill by an administrator for refunding from a distributee upon a deficiency of assets to pay debts, the bar of the statute of limitations does not commence to run until the diligent discovery by the administrator of the deficiency of assets.

This case was decided by the Court *En Banc.*

Appeal from the Circuit Court for Volusia County.

The facts in the case are stated in the opinion of the court.

*Stewart & Bly,* for appellant.

*Geo. P. Fowler,* for appellees.

TAYLOR, J.—The appellant as administrator of the estate of William H. Clifton, deceased, filed his bill in the circuit court of Volusia county against W. H. Clifton. A demurrer was interposed to the original bill which being sustained by the court an amended bill was filed, a demurrer to this amended bill was interposed and was sustained by the court, upon which a second amended bill was filed by the complainant, and in this second amended bill, to meet one of the grounds of demurrer, Annie C. Clifton was made a party defendant. To this second amended bill the defendants again interposed a demurrer, and a plea setting up the statute of limitations of three years in bar of the suit. The court below sustained both this plea and said demurrer and dismissed the bill. From all of these orders and rulings the complainant takes his appeal to this court, and assigns said rulings as error.

There is no necessity to review in detail the rulings of the circuit court upon the demurrers to the original and first amended bill, since the second amended bill, stricken down by the demurrer thereto, contains all that was alleged in the original and first amended bill and alleges the same facts with greater fullness and detail besides additional facts. This bill in short makes out upon its face a good case in favor of the complainant administrator against the defendant W. H. Clifton sole heir at law of the deceased intestate for a refunding to the administrator and contribution by said heir at law out of properties of the estate prematurely distributed to him by the administrator, sufficient to pay existing debts of the estate that remain unpaid after exhaustion of all the other assets of said estate. No refunding bond or other written indemnity was required of the defendant heir at law at the time of .the alleged delivery and distribution to him by the administrator

of the assets of the estate, and the deficiency of assets with which to pay existing debts was developed and discovered, as is alleged, without fault on the complainants part as administrator shortly prior to the exhibition of his bill.

"As a general rule, in the absence of a statute, where a personal representative makes voluntary distribution of a balance, or settles legacies in full, he cannot maintain an action *at law* against the distributees or legatees to compel a refunding upon an insufficiency of assets in his hands for debts or claims, except where a special promise to refund has been made, or a refunding bond has been given. Equity, however, will usually give relief and compel the legatee or distributee to refund his *pro rata* share of the deficiency in proportion to the amount he has received from the estate, although no refunding bond has been given, where the representative acted in good faith and with due care and diligence in making the payments or distribution, honestly believing the assets sufficient, and the deficiency was caused by no fault on his part." 18 Cyc. 670, *et seq.,* and citations.

The second amended bill upon its face makes out a case within the rule above announced, and was not, therefore, subject to the demurrer interposed thereto.

In so far as the plea urging the three years bar of the statute of limitations is concerned, the bill shows that it was filed in much less time than three years from the time of the *discovery* by the complainant administrator of the alleged deficiency of assets for the payment of debts, and his right to call upon the defendant heir for contribution and refunding did not accrue *until such discovery,* consequently the statute of limitations did not begin to run until such discovery of such deficiency of assets. 18 Cyc. 673 and citations. The so called bill

of sale by which the premature transfer of the assets was made by the complainant administrator to the defendant heir at law should not and does not of itself preclude such administrator from his right to contribution and refunding from such heir at law for the payment of debts if the proofs shall sustain the allegations of the bill.

The decrees of the court below sustaining the demurrer and plea of the defendants to the second amended bill of complaint are hereby reversed, at the cost of the appellees, with directions to overrule both such demurrer and plea, and to require such defendants to answer said second amended bill.

All concur, except SHACKLEFORD, C. J., providentially absent.