ON MOTION FOR REHEARING
FARMER, Judge.
We withdraw our previous opinion and substitute the following in its place. In view of the slight correction made, we deny rehearing and rehearing en banc.
We reverse the trial court’s refusal to quash process and to dismiss for lack of jurisdiction. Briefly stated, the estate sued Michael Weitzman and Stephen Leon [defendants], claiming that shares of stock in a bank previously held in Weitzman’s name were in truth owned beneficially by the decedent. Defendants had no claim in the probate estate of the decedent; and, actually, the estate had earlier entered into an agreement with defendants providing for the liquidation of the bank stock held in both the decedent’s name and that held in Leon’s name and then resolving any claims between them.
The suit was begun in the probate case by simply filing an adversary proceeding. The administrator served defendants with “process” by simply mailing them a copy of their initial pleading. The defendants moved to quash that “process” and to dismiss on the grounds that the court, as the probate court, lacked jurisdiction to hear the claim. The trial court’s denial of the motion brought this non-final appeal.
We read section 731.301, Florida Statutes (1991), to allow the less restrictive methods of service of process described therein to apply only to persons who continue to have an interest in the probate estate. A person who has no claim to estate property, and who does not otherwise claim any right to participate in the administration of the estate, does not, to us, fit within that definition. Such persons are not, by any reasonable construction of the statutory text, “interested persons”, “distributees”, or “claimants”. Hence, in whatever forum they were sued, they had a right to the traditional form of service of process prescribed by section 48.031, Florida Statutes (1991).
*512 Nor is there any basis under section 733.812, Florida Statutes (1991), to find that defendants were “distributees” of property of the estate who could be reached by this rather summary method. The administrator’s suit has as its essential purpose to establish that stock in Weitz-man’s name was in reality Harold Vernon’s and therefore should have been marshaled into the probate estate, rather than being liquidated by Weitzman outside the estate.
To use section 733.812 is to assume the very fact sought to be litigated as the jurisdictional base for the probate court. Under these circumstances, we conclude that the estate’s remedy is to institute an ordinary civil action against defendants, not to use the more summary tools of estate administration. We therefore reverse the trial court’s decision and remand for proceedings not inconsistent with the views expressed herein.
REVERSED AND REMANDED WITH DIRECTIONS.
ANSTEAD, J., concurs.
POLEN, J., dissents with opinion.