PER CURIAM.
The administrator ad litem of the estate of Harold Vernon, deceased, appeals from a final order dismissing the amended petition for return of improper distribution to appel-lee. We reverse and remand.
There are two issues on appeal:
I. Whether a four-year limitation period will time bar a fiduciary from recovering assets preferentially transferred to an estate creditor where the action to recover the assets is commenced prior to the estate being closed. We conclude it will not.
II. Whether a petition fails to state a cause of action for the return of improper payments under section 733.-812, Florida Statutes, where the allegations show that the estate never had possession of the asset allegedly paid to a creditor. We conclude it does not.
As collateral for two loans which Harold Vernon obtained from appellee — one for $300,000 and the other for $150,000 — he pledged 611,803 shares of stock in another bank, Capital Bank of California. On September 3, 1986, the date of his death, he signed a check made payable to Capital Bank of California in the amount of $194,098.50. The check specifically noted that it was given for the purchase of 388,197 additional shares of stock in the California bank. Although the check was negotiated after his death the additional stock certificates were never delivered to his estate. Instead, they were received by appellee.
Upon the establishment of the estate’s administration, appellee filed two “Class 7” claims[1] against the estate in December, *367 1986, for the above two loans, which were in default. On October 23, 1987, appellee entered into a letter agreement with the co-personal representatives of the estate (the decedent’s two children) in which it agreed that it would liquidate “the stock, By Private Sale, being held pursuant to the pledge agreement” at fifty cents per share; that the amount realized would be credited “to the outstanding balance of the loan”; that appel-lee would waive its right to attorney’s fees and costs, and that:
5. The balance of the indebtedness, after crediting the proceeds of the sale, shall be a valid claim in the Estate proceeding.
Appellee sold the one million shares of stock, which included the original 611,803 shares and the additional 388,197 shares, crediting $194,098.50 (the sale price of the 388,197 shares), as well as the sale price of the original 611,803 shares, toward the sums allegedly still owed by the decedent to appel-lee.[2]
Subsequently the estate became insolvent. In February, 1990, the appellant/administrator ad litem was appointed to remarshal the estate assets. His amended petition, filed in July, 1992, against appellee pursuant to section 733.812, Florida Statutes (1991),[3] sought the return of $194,098.50, the sale price of the additional shares, for ratable distribution to all Class 7 creditors, which sum he asserts was improperly distributed by the personal representatives to appellee.
Appellee’s motion to dismiss asserted that the funds did not have to be returned to the estate because (1) section 733.812 provides that if the limitations period has expired,[4] then the section is inapplicable, and (2) the petition failed to state a cause of action under section 733.812 since there was no “payment” by the personal representative to appellee and thus no property improperly “received” from the estate which it could be held “liable to return.”
Regarding the limitations issue, we believe Clifton v. Clifton, 54 Fla. 535, 45 So. 458 (1907), supports appellant. In that case, the administrator of an estate paid out certain funds to a beneficiary of the estate prior to the time that the estate closed. Subsequently he discovered that there were insufficient assets to pay the existing debts of the estate. The administrator attempted to obtain a refund of the monies which he had paid to the beneficiary. The beneficiary argued that the statute of limitations was a bar. The court rejected this defense and explained that the statute of limitations did not begin to run until the discovery of the deficiency of assets to pay the debts.[5]
*368 Appellant persuasively argues that in his case the earliest the cause of action could have accrued would have been when he discovered that the assets would be insufficient to pay all Class 7 creditors in a proportional amount. Appellee argues that Clifton is distinguishable because it concerned a payment to a beneficiary of an estate rather than a creditor. We fail to see how the fact that the payment in this ease was made to a creditor of the estate rather than a beneficiary makes Clifton distinguishable. The effect was the same: the estate assets allegedly were improperly decreased to the detriment of other creditors.
Regarding the second issue, appellee relies on Weitzman v. Resolution Trust Corp., 608 So.2d 510 (Fla. 4th DCA 1992), for support. There this court concluded that the summary procedure of the probate section should not have been used against Weitzman since he was not a “distributee” of property of the estate nor a “claimant” within the meaning of the code.
We agree with appellant that the facts of Weitzman make it distinguishable. Here, appellee arguably was a creditor of the estate and a claimant within the meaning of the code. Although the amended petition alleged that the check for the stock was written on the date of the decedent’s death, it also alleged that the check was negotiated and the stock was received by appellee after his death (thus making the stock an estate asset). For the purpose of a motion to dismiss for failure to state a cause of action, the trial court was obligated to assume that the allegations were true. The issue of whether the shares of stock were part of the estate was not a matter to be decided by motion to dismiss.
HERSEY, GLICKSTEIN and GUNTHER, JJ., concur.

. Class 7 claims refers to those claims filed pursuant to section 733.707, Florida Statutes (1991), which provides:
(1) The personal representative shall pay the expenses of the administration and obligations of the estate in the following order:
.... [listing the first 6 classes]
(g) Class 7. — All other claims, including those founded on judgments or decrees rendered against the decedent during his lifetime, and any excess over the sums allowed in paragraphs (b) and (d).
*367 (2) After paying any preceding class, if the estate is insufficient to pay all of the next succeeding class, the creditors of the latter class shall be paid ratably in proportion to their respective claims.

. The response filed by appellee to appellant's amended petition in the trial court referred to other, unsecured claims against the estate. While such fact was irrelevant to the trial court's consideration of the issues raised by the motion to dismiss, as well as ours at this time, we realize the total private sale of one million shares at fifty cents per share would result in a sale price of $500,000; and the two loans subject to the two secured claims totaled, as we have pointed out, $450,000 in principal.

. Section 733.812, Florida Statutes (1991), provides;
Improper distribution; liability of distribu-tee. — Unless the distribution or payment no longer can be questioned because of adjudication, estoppel, or limitations, a distributee of property improperly distributed or paid or a claimant who was improperly paid, if he has the property, is liable to return the property improperly received and its income since distribution to the personal representative or to the beneficiaries entitled to it. If he does not have the property, then he is liable to return the value of the property improperly received at the date of the disposition and its income and gain received by him.

. Count II of the amended petition sought declaratory relief. The four year limitation of section 95.11, Florida Statutes, would be applicable as to both counts of the amended petition. Ap-pellee contended as to Count I, the cause of action accrued, at the latest, when the letter agreement was executed and as to Count II, earlier.

. The court noted that the administrator had acted in good faith and with due care and diligence in making the payment to the beneficiary and honestly believed that there were sufficient assets. It can be inferred from the amended petition here that distribution may have been proper when it was made, but it was subsequently rendered improper when the administrator discovered that the estate’s assets were inadequate.