958 So.2d 573 (2007)
Anne Marie BALBOA, Appellant,
v.
Andre ASSANTE, Appellee.
No. 4D06-4897.
District Court of Appeal of Florida, Fourth District.
June 20, 2007.
Brian Barakat and Bruce Jacobs of Barakat, Prempeh & Jacobs, P.L., Miami, for appellant.
No brief filed on behalf of appellee.
*574 WARNER, J.
Appellant, an Arizona resident, challenges the trial court's order denying her motion to dismiss for lack of personal jurisdiction. She maintains that a limited evidentiary hearing was required, because she contested the allegation that she entered into an oral contract with the appellee calling for payment of monies in Florida. We conclude that pursuant to Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989), the trial court erred in failing to conduct a limited evidentiary hearing where the affidavits conflicted.
Appellee, Andre Assante, filed suit against appellant, Ann Marie Balboa, alleging that he loaned her money between 2003 and 2005. He claimed that she promised to repay him from proceeds she anticipated receiving from a medical malpractice lawsuit which she filed in Arizona. She received a recovery in 2005 but failed to repay him. Although she resided in Arizona at the time suit was filed, Assante alleged that she resided in Broward County at the time of the oral contract.
Balboa moved to dismiss the complaint for lack of jurisdiction, contending that she had not entered into any oral contract. Instead, she alleged that Assante had given her the money.
Both parties filed affidavits. Assante's affidavit claimed that the oral agreement was entered into in December 2002 in Broward County. Balboa attested that she had resided in Florida from November 2002 to March 2003. She also agreed that Assante had given her money to assist her in a time of financial difficulty, but she maintained that she had not entered into a contract. Neither the affidavits nor the complaint state exactly when any monies passed from Assante to Balboa. Based upon the foregoing complaint and affidavits, the trial court denied the motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing.
Under Florida's long-arm statute, a person is subject to the jurisdiction of this state through "[b]reaching a contract in this state by failing to perform acts required by the contract to be performed in this state." See § 48.193(1)(g), Fla. Stat. In the absence of an express designation of a place of payment, there is a presumption that a debt is to be paid at the creditor's place of business, and this presumption is sufficient to satisfy the language of section 48.193(1)(g). See Hartcourt Cos., Inc. v. Hogue, 817 So.2d 1067, 1070 (Fla. 5th DCA 2002).
A determination of whether a Florida court has personal jurisdiction over a non-resident involves a two-step inquiry. Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989). First, it must be determined that the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of Florida's long-arm statute, section 48.193. Id. If so, the next inquiry is whether sufficient "minimum contacts" are demonstrated to satisfy due process requirements. Id. That inquiry asks whether the non-resident's "conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 287, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). "Both parts must be satisfied for a court to exercise personal jurisdiction over a non-resident defendant." Am. Fin. Trading Corp. v. Bauer, 828 So.2d 1071, 1074 (Fla. 4th DCA 2002).
The Venetian Salami court explained the procedure for determining whether personal jurisdiction exists:
Initially, the plaintiff may seek to obtain jurisdiction over a nonresident defendant by pleading the basis for service in *575 the language of the statute without pleading the supporting facts. By itself, the filing of a motion to dismiss on grounds of lack of jurisdiction over the person does nothing more than raise the legal sufficiency of the pleadings. A defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts must file affidavits in support of his position. The burden is then placed upon the plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained.
554 So.2d at 502 (citations omitted). In most instances, the evidence presented by each side can be harmonized, and the trial court is in a position to make a determination based upon undisputed facts. However, if the evidence presented by the parties conflicts, the trial court must then hold a limited evidentiary hearing to resolve the jurisdictional issue. Id. at 503. "[A]n evidentiary hearing under Venetian Salami resolves the factual disputes necessary to determine jurisdiction pursuant to section 48.193 as well as whether minimum contacts exist to satisfy due process concerns." Dev. Corp. of Palm Beach v. WBC Constr., L.L.C., 925 So.2d 1156, 1160 (Fla. 4th DCA 2006).
Although Balboa admits that she was in Florida during the time that Assante alleges the agreement was made, the affidavits conflict on whether the parties entered into a loan agreement. If she entered into the agreement, then section 48.193(1)(g) is satisfied. However, if the transaction was a gift, as she maintains, then the jurisdictional pre-requisite has not been met, and there is no other provision of the statute under which jurisdiction has been or could be alleged.
In many ways this case is similar to Venetian Salami. In that case, the plaintiff brought suit claiming that the defendant had entered into an oral contract with plaintiff to investigate collection of a debt in Florida, New York, and Canada, and defendant had failed to pay according to the agreement. The non-resident defendant moved to dismiss for lack of personal jurisdiction, denying that any contract existed or that it had agreed to make any payment to the plaintiff in Florida. The supreme court, noting that the affidavits were conflicting on the jurisdictional issue of the existence of a contract, ordered the trial court to conduct a limited evidentiary hearing on the issue. Venetian Salami, 554 So.2d at 502. See also Fry v. Walchle Inv. Group, Inc., 712 So.2d 471 (Fla. 1st DCA 1998) (limited evidentiary hearing required where plaintiff sued on oral contract and non-resident defendant denied entering into contract).
We thus reverse and remand for the trial court to conduct a limited evidentiary hearing to determine the jurisdictional issues.
POLEN and HAZOURI, JJ., concur.