980 So.2d 1289 (2008)
Valerie Renee HALL, Appellant,
v.
Charles Lloyd TUNGETT, as Personal Representative of the Estate Of Jack E. Green, Deceased, Appellee.
No. 2D07-1176.
District Court of Appeal of Florida, Second District.
May 16, 2008.
*1290 J. Michael Coleman and Sonia M. Diaz of Coleman, Hazzard & Taylor, P.A., Naples, for Appellant.
Christopher L. Ulrich and Marve Ann Alaimo of Cummings & Lockwood LLC, Naples, for Appellee.
SILBERMAN, Judge.
Valerie Renee Hall challenges a probate court order directing her to transfer certain property to Charles Lloyd Tungett as the personal representative (the PR) of the Estate of Jack E. Green. Ms. Hall argues that the probate court did not have personal jurisdiction over her and that it improperly compelled her to transfer property to the PR without first holding an evidentiary hearing. We conclude that the court correctly determined that it had jurisdiction over Ms. Hall, but we reverse that portion of the order compelling transfer of property and remand for further proceedings.
In the probate proceeding, the PR filed a "Motion to Compel Surrender of Estate Information and Surrender of Estate Assets." The motion stated that at the time of Mr. Green's death, his assets included a brokerage account at UBS AG in Zurich, Switzerland and certain tangible personal property. Marilyn Green, the decedent's wife, was the initial personal representative of the Estate. After she died, Mr. Tungett took over as personal representative. The motion alleged that while the wife was the personal representative, she improperly distributed the proceeds of the brokerage account into a new account titled in the joint names of herself and Ms. Hall.[1]
The PR's motion asserted that upon the wife's death, the brokerage account proceeds became Ms. Hall's property. The motion also claimed that Ms. Hall and Debra Sue Tungett (who is not a party to this appeal) improperly took possession of certain tangible personal property of the Estate and that they possessed information regarding Estate assets, interests, and liabilities. Pursuant to section 733.812, Florida Statutes (2006), the PR requested *1291 that the probate court enter an order directing Ms. Hall and Ms. Tungett to return to the Estate the brokerage account proceeds and any other assets, or their equivalent value. The PR also requested that Ms. Hall and Ms. Tungett be directed to surrender to the PR all information in their possession concerning Estate assets, interests, or liabilities.
Ms. Hall filed a response, asserting that the probate court did not have jurisdiction and that the PR could not claim jurisdiction because Ms. Hall was not a distributee of Estate property, an interested person, or a claimant against the Estate. However, Ms. Hall did not challenge the PR's factual allegations or the manner in which she was served with the motion.
At a hearing on the PR's motion, Ms. Hall's attorney acknowledged that the court had subject matter jurisdiction. But he argued that the court should quash service of process on Ms. Hall and dismiss the PR's motion for lack of personal jurisdiction over her or over the property that the PR sought to recover. The attorney contended that Ms. Hall was not an "interested person" or a "distributee" as defined by Florida law and that formal notice under section 731.301, Florida Statutes (2006), was not sufficient to give the court jurisdiction over Ms. Hall. He did not offer any evidence to contest service or jurisdiction but asserted that the PR had to file a separate civil action and serve process upon Ms. Hall. He added that if the court determined it had jurisdiction over Ms. Hall, then it would need to hold an evidentiary hearing to resolve contested issues of fact relating to the ultimate relief requested by the PR. The PR responded as to the factual background and the allegations made in the PR's motion but did not offer any evidence to the court.
The court took the matter under advisement and later entered the order now on appeal. The court found that "service of process" was properly accomplished over Ms. Hall and that it had jurisdiction. The court directed Ms. Hall "to facilitate the transfer of the property that is within her care, custody, control or within her ability to secure to the Personal Representative."

Jurisdiction
We first address the issue of jurisdiction. The plaintiff bears the initial burden of pleading a sufficient basis to obtain jurisdiction over a person. Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989); Hilltopper Holding Corp. v. Estate of Cutchin, 955 So.2d 598, 601 (Fla. 2d DCA 2007). In Hilltopper, we explained as follows:
If the plaintiff meets this pleading requirement, the burden shifts to the defendant to file a legally sufficient affidavit or other sworn proof that contests the essential jurisdictional facts of the plaintiff's complaint. To be legally sufficient, the defendant's affidavit must contain factual allegations which, if taken as true, show that the defendant's conduct does not subject him to jurisdiction. . . . If the defendant does not fully dispute the jurisdictional facts, the motion must be denied. . . .
If the defendant's affidavit does fully dispute the jurisdictional allegations in the plaintiff's complaint, the burden shifts back to the plaintiff to prove by affidavit or other sworn proof that a basis for long-arm jurisdiction exists. If the plaintiff fails to come forward with sworn proof to refute the allegations in the defendant's affidavit and to prove jurisdiction, the defendant's motion to dismiss must be granted.
955 So.2d at 601-02 (citations omitted).
In his motion, the PR set forth sufficient allegations concerning jurisdiction to allow Ms. Hall to be served as an *1292 "interested person" by "formal notice" pursuant to section 731.301. Section 731.301(2) states that "[f]ormal notice shall be sufficient to acquire jurisdiction over the person receiving formal notice to the extent of the person's interest in the estate." Florida Probate Rule 5.040(a)(3) describes the manner in which formal notice shall be served, including by mail, a commercial delivery service, service of process under the Florida Rules of Civil Procedure, or as otherwise provided by Florida law.
Section 731.201(21) of the probate code defines an "interested person" as "any person who may reasonably be expected to be affected by the outcome of the particular proceeding involved." Further, the meaning of "interested person" "may vary from time to time and must be determined according to the particular purpose of, and matter involved in, any proceedings." Id. The statute defines a "distributee" as "a person who has received estate property from a personal representative or other fiduciary other than as a creditor or purchaser." § 731.201(10). A distributee who improperly receives assets or funds from an estate may be compelled to return the assets or funds received. § 733.812.
The PR's motion alleged that the brokerage account was titled in the decedent's name at the time of his death, was wrongfully distributed to Ms. Hall by Ms. Green as the predecessor personal representative, and was in Ms. Hall's possession. The motion claimed that the account and other property belonged to the Estate and must be returned to it, or if the account and property were no longer in Ms. Hall's possession then she had to return to the Estate the equivalent value, as well as any income earned on the assets or any gain received with respect to the assets.
These allegations were sufficient to meet the PR's pleading requirement and to support service on Ms. Hall by the formal notice method permitted under section 731.301 and rule 5.040. Further, Ms. Hall did not contest the allegations by affidavit or other sworn proof. Thus, the court could properly find that it had jurisdiction over Ms. Hall to the extent of her interest in the Estate and to the extent that she received Estate property, other than as a creditor or purchaser, from Ms. Green.
Ms. Hall relies upon Estate of Vernon v. Resolution Trust Corp., 608 So.2d 510 (Fla. 4th DCA 1992), to argue that the PR's allegations were insufficient to support service by formal notice or to allow the court to exercise personal jurisdiction. In Estate of Vernon, the estate initiated an adversary proceeding against two individuals and claimed that bank stock which previously had been held in one defendant's name was actually beneficially owned by the decedent. The administrator ad litem served the defendants by mailing to them a copy of the initial pleading. The defendants moved to quash process and to dismiss for lack of jurisdiction. The Fourth District observed that the essential purpose of the lawsuit was to establish that the stock was in reality the decedent's stock. The court stated that the defendants had no claim in the estate and that they did not fit within the definition of an interested person, a distributee, or a claimant. Id. at 511-12. The court concluded as follows:
Nor is there any basis under section 733.812, Florida Statutes (1991), to find that defendants were "distributees" of property of the estate who could be reached by this rather summary method. The administrator's suit has as its essential purpose to establish that stock in Weitzman's name was in reality Harold Vernon's and therefore should have been marshaled into the probate estate, *1293 rather than being liquidated by Weitzman outside the estate.

Id. at 512 (emphasis added).
Here, the PR alleged that Mr. Green owned the brokerage account at the time of his death, that upon his death the account was an Estate asset, and that as the initial personal representative Ms. Green improperly distributed the account proceeds to herself and Ms. Hall. Unlike the litigation in Estate of Vernon, the present litigation is not intended to determine whether the Estate, in the first instance, had any interest in the brokerage account; rather, the litigation is intended to recover an Estate asset that allegedly had been improperly distributed by Ms. Green. The allegations contained in the motion were not refuted by Ms. Hall in her response to the motion or by sworn evidence challenging the PR's factual allegations. Thus, based on the information before it, the probate court properly determined that service by formal notice was sufficient and that it could exercise jurisdiction over Ms. Hall.

Compelling Transfer of Property
Concerning that part of the probate court's order that directed Ms. Hall to transfer property to the PR, Ms. Hall argued to the probate court that once the court resolved the issue of jurisdiction, an evidentiary hearing would be necessary to resolve disputed issues of fact relating to the property and the relief sought by the PR. After hearing the arguments of counsel as to jurisdiction and service by formal notice, the probate court took these issues under advisement. Then, the court entered its order determining that service had been proper and that it had jurisdiction over Ms. Hall. In the same order, and without receiving any evidence, the court determined that the Estate was entitled to return of the property and directed Ms. Hall to transfer the property to the PR.
As an interested person regarding the disputed property, Ms. Hall was entitled to be heard and to present evidence in support of her position. See Fleming v. Demps, 918 So.2d 982, 984 (Fla. 2d DCA 2005) (reiterating that due process requires that a party be given the opportunity to be heard and to present evidence "to determine who is the rightful owner of the funds and whether the funds should be administered as estate assets or otherwise distributed to the proper owner"). Moreover, the PR did not present any evidence establishing the Estate's entitlement to return of the property. Because the court acted without an evidentiary basis in directing Ms. Hall to transfer the property to the PR, we reverse and remand for an evidentiary hearing.

Conclusion
For the forgoing reasons, we affirm that portion of the probate court's order that concluded that service was proper and that the court had jurisdiction over Ms. Hall. However, we reverse that portion of the order that directed Ms. Hall to transfer property to the PR and remand for further proceedings.
Affirmed in part, reversed in part, and remanded.
WHATLEY and CASANUEVA, JJ., Concur.
NOTES
[1] When the PR filed the motion, Ms. Hall's name was Valerie Renee Wheeler. For the sake of clarity, we refer to her as Ms. Hall throughout the opinion. Ms. Hall is Ms. Green's daughter.