MORRIS, Judge.
 

 The appellants, Elizabeth Kountze and Charles Denman Kountze, challenge a non-final order determining that the circuit court had jurisdiction over them and requiring that they maintain the status quo of personal property which has been alleged to be part of the probate estate of the decedent, Denman Kountze, Jr. Because there are unresolved issues of fact as to whether the trial court had jurisdiction over the appellants and whether the appel-lee, Edward Harris Kountze, satisfied the four-part test for obtaining temporary in-
 
 *430
 
 junctive relief,
 
 [1]
 
 this court treats the trial court’s order as having entered a temporary injunction and we reverse and remand for an evidentiary hearing.
 

 I. Facts
 

 This case presents convoluted facts, and therefore, it is necessary to discuss the parallel proceedings in Florida and Nebraska to have a full understanding. However, we are including only those facts which are pertinent to the issues.
 

 In 1976, the decedent established an inter vivos heirloom trust as part of a marital settlement agreement with his former wife, Elizabeth Kountze. The decedent and Elizabeth were both lifetime beneficiaries, while Charles Denman Kountze and the appellee were remainder beneficiaries. The principal place of administration for the trust was in Douglas County, Nebraska. However, when the decedent died in August 2005, he resided in Collier County, Florida.
 

 A. The early Florida proceedings
 

 In October 2005, the appellee, as personal representative of the decedent’s estate, deposited the decedent’s last will and testament with the circuit court for Collier County. The appellee then filed a petition for administration of the estate in February 2006. The petition did not mention the trust or the assets referenced in the trust.
 

 Subsequently, in October 2006, the ap-pellee filed a petition to determine the whereabouts and the value of missing assets. In that petition, the appellee acknowledged the existence of the trust and alleged that the estate had an interest in the trust assets for federal estate tax purposes. The appellee also alleged that he had been unable to locate many of the trust assets and that Elizabeth Kountze had not been forthcoming with information. The appellee maintained that he believed that the missing trust assets were in the appellants’ possession or they had been hidden, secreted away, sold, dissipated, or otherwise disposed of in violation of the trust documents.
 

 The appellants then filed a motion to dismiss the petition to determine the whereabouts and the value of missing assets on the bases: (1) that there had “been no proper service of process,” (2) that the court had no personal jurisdiction over them, and (3) that the court had no subject matter jurisdiction. No hearing was held on the motion to dismiss, and the trial court never ruled on whether it had subject matter jurisdiction.
 

 In April 2007, the appellee filed a formal notice and a notice of the personal representative’s taking possession of assets of the estate. Therein, he alleged that he had taken possession of certain assets which had been listed in the trust. However, the appellee also alleged that the assets referenced therein did not appear to be in the possession of a person who had an interest in them.
 

 In June 2007, the trial court, sua sponte, entered an order on the notice, ruling that the appellee was entitled to take possession of the listed trust assets. The order also stated that the assets “shall be retained for the purposes set forth in the Notice.”
 

 In response, the appellants filed a motion to set aside the order and for sanctions. They alleged that they had not
 
 *431
 
 been properly served with formal notice or with the notice of the personal representative’s taking possession and that although their prior counsel had prepared an objection to the notice, he had inadvertently failed to file the objection. The appellants also argued that the trial court’s order should be vacated as it was based solely on the formal notice but not on any motion or pleading requesting such relief. The trial court denied the appellants’ motion but made no finding on the jurisdictional issues.
 

 B. The Nebraska proceedings
 

 In June 2006, Charles Denman Kountze filed a petition for trust administration with the Douglas County Court in Nebraska. In December 2006, the appellee filed a motion seeking in part to have the trust assets sold at auction. After a hearing on the motion, the Nebraska court ordered that no trust assets should be moved, given away, sold, or borrowed against without court permission.
 

 In August 2007, the appellee filed a motion to dismiss challenging the validity of the trust for the first time. Subsequently, in December 2007, the appellee attempted to register the Collier County court’s June 2007 order with the Nebraska court.
 

 In January 2008, the Nebraska court held a hearing to determine the validity of the Florida court’s order. In April 2008, the Nebraska court entered its evidentiary rulings, findings, and orders. The Nebraska court determined that it acquired jurisdiction over the trust because Douglas County was the principal place of administration and because the trust was registered there. The Nebraska court also determined that the Florida court had no jurisdiction over the trust or the assets therein. In making that finding, the Nebraska court noted that the Florida court had made no findings of fact to support its ruling that the appellee was entitled to take possession of the certain trust assets. Additionally, the Nebraska court disagreed with the facts as found by the Florida court concerning the title, ownership, and custody of the assets at issue. On the basis of those findings, the Nebraska court held that the Florida court order was null and void. Ultimately, the Nebraska court held that the appellee’s motion to dismiss was barred by the applicable statute of limitations, the trust was valid, and the title to the trust assets was properly held by the successor trustee.
 

 C. The subsequent Florida proceedings
 

 In November 2008, the appellee filed a verified motion to enforce the June 2007 final order and to impose sanctions. The appellee asserted that he had not been able to obtain possession of the assets described in the June 2007 order. He also alleged for the first time in the Florida proceedings that the trust was invalid.
 

 The appellants responded by filing a motion to continue the hearing on the ap-pellee’s motions; they reasserted that the trial court lacked jurisdiction over them. They also reiterated that their prior motion to dismiss had not been ruled on by the trial court.
 

 The appellee then filed an emergency motion to impose stay, alleging that the estate would suffer irreparable harm without it.
 

 At a hearing on the motion for continuance, the emergency motion to impose stay, and the verified motion to enforce final order and impose sanctions, the ap-pellee’s counsel argued that if a continuance were granted, then a stay should also be entered so as to prohibit the appellants from disposing of any and all trust assets due to an upcoming hearing in the Nebraska proceedings which would address dis
 
 *432
 
 bursement of the trust assets. The appellants’ counsel argued that, such a stay would be improper and that the trial court could not enjoin the appellants unless it first found it had personal jurisdiction over them.
 

 Ultimately, the trial court ruled that it had jurisdiction over the appellants, and it granted mandatory injunctive relief as to the trust assets. Specifically, the trial court ordered the appellants to “maintain the status quo as to the heirloom assets which are the subject of the personal representative’s Emergency Motion, until further order of this Court.”
 

 II. An evidentiary hearing is needed for the trial court to determine if it, in fact, has jurisdiction over the appellants and the assets at issue.
 

 We first note that a plaintiff bears the burden of pleading a sufficient basis to obtain jurisdiction over a person.
 
 See Hall v. Tungett,
 
 980 So.2d 1289, 1291 (Fla. 2d DCA 2008). It is only when the plaintiff meets that requirement that the burden shifts to the defendant to file a legally sufficient affidavit or other sworn proof contesting the essential jurisdictional facts.
 
 Id.
 

 Here, the appellee, who was the plaintiff below, asserts that this court should affirm because he served appellants with formal notice of the Florida estate proceedings pursuant to section 731.301(2), Florida Statutes (2005-2009), and that the trial court therefore had personal jurisdiction over them.
 
 [2]
 
 Section 731.301(2) provides that “[fjormal notice shall be sufficient to acquire jurisdiction over the person receiving formal notice to the extent of the person’s interest in the estate.”
 
 [3]
 

 An
 
 interested person
 
 is defined in the probate code as “any person who may reasonably be expected to be affected by the outcome of the particular proceeding involved.” § 731.201(23). However, the meaning of
 
 interested person
 
 “may vary from time to time and must be determined according to the particular purpose of, and matter involved in, any proceedings.”
 
 Id.
 

 The appellants contend they are not
 
 interested persons
 
 within the meaning of section 731.201(23). Specifically, they disclaim any interest in the estate assets. Our understanding of appellants’ position is that the assets in question are trust assets that are separate and distinct from the estate assets and therefore they would not “reasonably be expected to be affected by the outcome” of the estate proceedings. § 731.201(23). If that assertion is true, then the formal notice they received in the estate proceedings was not sufficient for the trial court to acquire personal jurisdiction over them.
 

 
 *433
 
 However, in the order on appeal, the trial court did not explain the basis for its determination that it had personal jurisdiction over the appellants. Therefore an evidentiary hearing is necessary to determine whether the appellants are
 
 interested persons
 
 within the meaning of the statute.
 

 If the trial court determines that the appellants are not
 
 interested persons
 
 within the meaning of the statute, then another unresolved question is whether the appellee pleaded and proved sufficient facts to subject the appellants to Florida’s long-arm jurisdiction as set forth in section 48.193, Florida Statutes (2005-2009). The appellee is required to either track the statutory language of section 48.193 without pleading supporting facts or to allege specific facts that demonstrate that the appellants’ actions fit within one or more subsections of section 48.193.
 
 See Hilltopper Holding Corp. v. Estate of Cutchin ex rel. Engle,
 
 955 So.2d 598, 601 (Fla. 2d DCA 2007). If the appellee has in fact pleaded and proved sufficient jurisdictional facts to subject the appellants to long-arm jurisdiction, then the next question is whether the appellants possess sufficient minimum contacts with Florida such that they should anticipate being haled into court here.
 
 See id.
 

 While the appellants have argued in their initial brief that the requirements for long-arm jurisdiction were not met, it does not appear that the appellee ever sought to meet those requirements below. Nevertheless, on remand, the trial court should consider this issue. If the trial court determines that the appellee met the pleading requirements for long-arm jurisdiction, it must then consider whether the appellants filed legally sufficient affidavits or other sworn proof contesting the alleged jurisdictional facts and, if they did, then the court must consider whether the appel-lee proved by affidavit or other sworn proof that a basis for long-arm jurisdiction exists.
 
 See id.
 
 Finally, if the trial court determines that the appellee both
 
 pleaded
 
 and
 
 proved
 
 that there was a basis for long-arm jurisdiction, then it must determine whether the appellants have sufficient minimum contacts with Florida to satisfy constitutional due process requirements.
 

 III. Assuming that the trial court determines it has personal jurisdiction over the appellants, it must then consider whether the appellee has met the requirements for imposition of a temporary injunction.
 

 The trial court’s order required the appellants to maintain the status quo regarding the assets in question. Thus the order was in the nature of temporary injunctive relief.
 
 See Morgan v. Herff Jones, Inc.,
 
 883 So.2d 309, 313 (Fla. 2d DCA 2004) (“The general function of a temporary injunction is to preserve the status quo until full relief can be granted in a final hearing.”). Putting aside the jurisdictional question, the appellee was required to meet certain requirements before a temporary injunction could be granted.
 

 There is a four-part test for determining whether a temporary injunction should be granted-when there is a showing that (1) the plaintiff! ] will suffer irreparable harm absent the entry of the injunction, (2) no adequate legal remedy exists, (3) the plaintiff[ ] enjoy[s] a clear legal right to the relief sought, and (4) the injunction will serve the public interest.
 

 Ware v. Polk County,
 
 918 So.2d 977, 979 (Fla. 2d DCA 2005) (citing
 
 Randolph v. Antioch Farms Feed & Grain Corp.,
 
 903 So.2d 384, 385 (Fla. 2d DCA 2005)). Temporary injunctive relief “should be granted only sparingly and only after the moving party has alleged and proved facts enti
 
 *434
 
 tling it to relief.”
 
 Morgan,
 
 883 So.2d at 313.
 

 Our review of the emergency motion and the transcript of the hearing on the motion reveals that the appellee did not meet the requirements of the four-part test. Indeed, it appears to us that the appellee merely pleaded only the first requirement: that the estate would suffer irreparable harm. Likewise, at the hearing, the appel-lee’s counsel only addressed that first prong.
 

 Because there was a deficiency in both the pleading and proof, the trial court erred in entering the temporary injunction. On remand, before the trial court can again order temporary injunctive relief, it must determine that the appellee has met all four prongs of the test explained in
 
 Ware.
 

 Reversed and remanded for an eviden-tiary hearing in accordance with this opinion.
 

 DAVIS and CRENSHAW, JJ, Concur.
 

 [1]
 

 . Although the appellee's underlying motion was couched in terms of seeking an emergency stay, he was, in effect, seeking a temporary injunction as he sought to prohibit the appellants from disposing of the assets in question.
 
 See Black’s Law Dictionary
 
 800 (8th ed. 2004) (defining
 
 injunction
 
 as ''[a] court order commanding or preventing an action”).
 

 [2]
 

 . We note that the jurisdictional issue in this case is one addressing
 
 personal jurisdiction
 
 rather than
 
 quasi in rem
 
 or
 
 in rem
 
 jurisdiction. The trial court's order directs the appellants to maintain the status quo of assets located outside the territorial jurisdiction of the trial court, which would be permissible if the trial court did in fact have personal jurisdiction over the appellants.
 
 See Gen. Elec. Capital Corp. v. Advance Petroleum, Inc.,
 
 660 So.2d 1139, 1142-43 (Fla. 3d DCA 1995). Without a finding of personal jurisdiction, however, the trial court would lack
 
 in rem
 
 or
 
 quasi in rem
 
 jurisdiction over the assets located in Nebraska as they are outside of the trial court’s territorial jurisdiction,
 
 see id.; see also Tueta v. Rodriguez,
 
 176 So.2d 550, 552 (Fla. 2d DCA 1965), and the fact that the decedent's will was being probated in Collier County would not confer such jurisdiction in the trial court,
 
 see Hanson v. Denckla,
 
 357 U.S. 235, 247-49, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).
 

 [3]
 

 . Florida Probate Rule 5.040(a)(3) describes the manner in which formal notice shall be served, including service by mail, which is applicable to this case.