DAMOORGIAN, J.
Appellants, Dale Henderson and Star-dale LLC, seek review of an interlocutory order denying their motions to dismiss a petition for a temporary injunction filed by Vanessa Elias, personal representative of the estate of William Elias. Henderson moved to dismiss for inconvenient forum under Florida Rule of Civil Procedure 1.061(a), and Stardale moved to dismiss for lack of personal jurisdiction. After denial of both motions, the trial court entered the temporary injunction. We reverse only the order denying Stardale’s motion to dismiss for lack of personal jurisdiction and affirm the trial court’s rulings in all other respects.
By way of background, in 2005, Henderson and William Elias formed Star-dale LLC, a Delaware limited liability corporation. The parties also entered into an operating agreement, the subject of which was the operation of Stardale. The agreement provided, inter alia, that Stardale was to be dissolved upon Elias’s death. Elias died in 2008, but Henderson did not dissolve Stardale. Thereafter, the estate brought suit against Stardale and Henderson in New York for, among other things, breach of the operating agreement. The estate was required to file suit in New York under the terms of the forum selection clause in the agreement. According to the complaint, Elias made several loans to Stardale during his lifetime to finance the company’s operations, which included the purchase, remodeling, and maintenance of two properties in New York. The estate alleged that Henderson refused to repay the loans and to liquidate the assets of Stardale as required by the agreement.
While the New York litigation was proceeding, the estate’s personal representative filed a petition in the Florida probate case for entry of an order preserving the estate’s assets and enjoining Henderson and Stardale from selling either of the two New York properties or otherwise disposing of Stardale’s assets. The petition alleged that the court possessed jurisdiction over Stardale because of the court’s “inherent jurisdiction to monitor the administration of the [ejstate.”
Henderson responded to the petition, alleging insufficient service of process, lack of jurisdiction over Stardale, failure to join Stardale as an indispensable party, forum non conveniens, and failure to allege a cause of action.
The estate filed an amended petition. In the amended petition, the personal representative alleged that the probate court had jurisdiction over Stardale pursuant to the court’s “inherent jurisdiction to monitor the administration of an estate, including the authority to issue injunctions freezing assets claimed to belong to a decedent’s estate.” In addition, the personal representative alleged that Stardale was “owned 50% by the [e]state and 50% by Henderson.” Stardale filed a motion to dismiss, claiming insufficient service of *89 process.[1] At the hearing on the amended petition, the probate court granted Star-dale’s motion to dismiss, holding that Star-dale was not properly served with the petition. The trial court denied Henderson’s motion to dismiss for forum non conveniens and continued the hearing on the request for injunctive relief.[2]
Henderson filed another motion to dismiss the amended petition on the grounds that Stardale was an indispensible party to any injunctive relief the court might grant. In the meantime, the estate personally served Stardale’s registered agent. At the hearing on the request for injunctive relief, counsel for the estate advised the court that Stardale’s registered agent had been served with a copy of the petition. Henderson’s counsel, who had also been Stardale’s counsel at the prior hearing, advised the probate court that he was appearing on behalf of Stardale on a limited basis to contest jurisdiction. The estate argued that the court had personal jurisdiction over Stardale because Stardale’s primary place of business was in Palm Beach County. Additionally, Stardale borrowed money from Elias and from Lydian Bank, and those obligations arose in Palm Beach County. Payment on these loans was also to be made in Palm Beach County.
Stardale responded by arguing that, since it was a foreign corporation, the estate was required to plead jurisdictional allegations in its amended petition which were sufficient to establish personal jurisdiction over Stardale. Stardale went on to argue that the jurisdiction allegations in the amended petition were insufficient to show that Stardale’s conduct fell within the scope of Florida’s long-arm statute, section 48.193(1), Florida Statutes (2009), or to show that Stardale had sufficient minimum contacts with Florida to satisfy constitutional due process requirements. Therefore, Stardale argued, the court had no personal jurisdiction over the corporation. Stardale did not file any affidavits or present any evidence to contest the substance of those allegations in the petition or the estate’s proffer. The court denied Star-dale’s motion to dismiss for lack of personal jurisdiction, finding the requirements of the long-arm statute were satisfied and that sufficient minimum contacts with Florida were established based on Star-dale’s execution of a promissory note payable in Palm Beach County.[3]
The issue before us is whether the estate’s amended petition contains sufficient allegations to establish personal jurisdiction. A determination of whether a Florida court may exercise personal jurisdiction over a non-resident defendant requires a two-step analysis, as elucidated by the Florida Supreme Court in Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989). “ ‘First, it must be determined that the complaint alleges sufficient jurisdictional facts to bring the action within the ambit’ of Florida’s long-arm statute, section 48.193.” Balboa v. Assante, 958 So.2d 573, 574 (Fla. 4th DCA 2007) (quoting Venetian Salami, 554 So.2d at 502). “If so, ‘the next inquiry is whether sufficient'“minimum contacts” are demonstrated to satisfy due process requirements.’” Id. (quoting Venetian Salami, 554 So.2d at 502). As explained by the supreme court, the proper “procedure” for *90 invoking and challenging the court’s personal jurisdiction is as follows:
Initially, the plaintiff may seek to obtain jurisdiction over a nonresident defendant by pleading the basis for service in the language of the statute without pleading the supporting facts. By itself, the filing of a motion to dismiss on grounds of lack of jurisdiction over the person does nothing more than raise the legal sufficiency of the pleadings. A defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts must file affidavits in support of his position. The burden is then placed upon the plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained.
Venetian Salami, 554 So.2d at 502 (citations omitted). If the parties’ affidavits conflict, then the trial court must hold an evidentiary hearing to satisfy the jurisdictional question. Balboa, 958 So.2d at 575 (citing Venetian Salami, 554 So.2d at 503). However, the petitioner bears the “initial burden of pleading a sufficient basis to obtain jurisdiction”; the burden shifts to the respondent to produce affidavits or other evidence only if the petitioner meets this initial pleading burden. Hall v. Tungett, 980 So.2d 1289, 1291 (Fla. 2d DCA 2008) (citations omitted).
We need only address the first prong because Stardale’s challenge “merely raises the legal sufficiency of the pleadings.” Woods v. Nova Cos. Belize Ltd., 789 So.2d 617, 620 (Fla. 4th DCA 1999), accord Venetian Salami, 554 So.2d at 502. The amended petition is devoid of allegations that Stardale committed any act or omission within or directed towards Florida. The sole jurisdictional allegations found in the petition state that Stardale “is a foreign limited liability corporation owned 50% percent by the [e] state and 50% by Henderson” and that the court “has jurisdiction over the parties ... pursuant to its inherent jurisdiction to monitor the administration of the estate.”
We hold that these allegations in the amended petition are insufficient to state a basis for personal jurisdiction over Stardale. The estate made no allegations of conduct by Stardale which would subject the corporation to the jurisdiction of a Florida court under section 48.193(1). The fact that the corporation’s two shareholders would be subject to personal jurisdiction in Florida in their individual capacities does not create personal jurisdiction over the corporation. Cf. Beasley v. Diamond R. Fertilizer, Co., 710 So.2d 1025, 1026 (Fla. 5th DCA 1998) (holding that the conduct of business in Florida by a corporation would not subject its shareholders to personal jurisdiction in Florida). The petition contains no allegations that Stardale is Henderson’s alter ego. See, e.g., Nichols v. Paulucci, 652 So.2d 389, 393 (Fla. 5th DCA 1995). Likewise, no allegations of a principal-agent relationship were found in the petition. See, e.g., TRW Vehicle Safety Sys. Inc. v. Santiso, 980 So.2d 1149, 1152-53 (Fla. 4th DCA 2008). As the estate failed to allege facts bringing Stardale within the reach of the long-arm statute, we need not address whether the allegations, if proven, would demonstrate sufficient minimum contacts with Florida.
Because the allegations in the petition are insufficient, the trial court should have dismissed the amended petition as to Star-dale without prejudice. See World Class Yachts, Inc. v. Murphy, 731 So.2d 798, 800 (Fla. 4th DCA 1999) (holding that dismissal of a complaint for insufficient jurisdictional allegations should be without prejudice to amend). As such, we need not decide whether the evidence adduced at the hearing was sufficient to establish jurisdiction. See Hall, 980 So.2d at 1291. *91 We reverse and remand for further proceedings.

Reversed and remanded.

GROSS, C.J., and MAY, J., concur.

. The estate attempted service of process on Stardale by certified mail.

. Henderson appealed that non-final order in case number 4D10-458.

.Henderson and Stardale appealed the order granting injunctive relief, as well as the court's determination that it could exercise personal jurisdiction over Stardale. We consolidated both appeals.