NORTHCUTT, Judge.
In this litigation over a trust, Margaret and Michelle Grasso appeal the circuit court’s order on their motion to dismiss for lack of personal and subject matter jurisdiction and its order temporarily enjoining them from disposing of trust assets. We dismiss the appeal of the former order, and we affirm the latter.
Olga Grasso, who for the most part is a Florida resident, created a trust while she was living in Oklahoma. Margaret Grasso is the widow of Olga’s son, and Michelle Grasso is Olga’s granddaughter. Both of them are residents of Oklahoma, and they variously are or were purported trustees of the aforementioned trust. Olga filed suit in Florida against Margaret and Michelle individually and in their capacities as trustees, and she sought a temporary injunction prohibiting them to sell or transfer trust assets.
The complaint, the motion for temporary injunction, and a notice of hearing on the motion were served in Oklahoma just a few days before the noticed hearing. Margaret and Michelle quickly retained Florida counsel, who entered a special appearance and filed a motion to dismiss for lack of personal and subject matter jurisdiction on the day of the hearing. At the conclusion of the hearing, the court determined that it would grant the temporary injunction and revisit it after it ruled on the defendants’ motion to dismiss. The court rendered a written order to that effect.
The circuit court heard the motion to dismiss several days later. After hearing argument, the court granted the motion with leave for Olga to amend her complaint. Margaret and Michelle timely appealed both nonfinal orders.
Florida Rule of Appellate Procedure 9.130(a)(S)(C)(i) confers jurisdiction on this court to review nonfinal orders that determine the jurisdiction of the person. See also Fla. R.App. P. 9.030(b)(1)(B). To the extent that the order on appeal addresses the issue of subject matter jurisdiction, it is not an appealable, nonfinal order. See generally Fla. R.App. P. 9.130. We have also concluded that the order is nonappealable because it does not actually determine jurisdiction at all. Rather, it grants a motion to dismiss but allows Olga time to amend her complaint, presumably to properly plead the existence of personal and subject matter jurisdiction. If the court had actually decided the jurisdictional issues, there would be no point in allowing such an amendment. In effect, the court has left its determination of jurisdiction for another day, and we lack jurisdiction under rule 9.130(a)(3)(C)(i) to review such a nonfinal order.
Accordingly, we dismiss the appeal as it pertains to the dismissal order. Recognizing the likelihood that the jurisdiction issues will again be presented in further proceedings below, we note that the affidavits filed in support of and in opposition to the motion to dismiss were in conflict regarding Michelle’s claimed status as the sole trustee of the trust and Olga’s assertion that she has never resigned or been disqualified or removed as a trustee. In such circumstances, the determination of a motion to dismiss for lack of personal jurisdiction would require a limited eviden-tiary hearing to resolve the disputes of fact. See Canale v. Rubin, 20 So.3d 463, 469 (Fla. 2d DCA 2009) (stating that where facts recited in a sworn affidavit cannot be reconciled with facts set forth in a sworn *857 complaint, the court must hold an eviden-tiary hearing).
The temporary injunction is reviewable under rule 9.180(a)(3)(B). However, the appellants have not challenged the injunction on its merits. See, e.g., Kountze v. Kountze, 20 So.3d 428 (Fla. 2d DCA 2009) (reversing temporary injunction concerning use of trust assets where moving party did not present evidence on the four prongs that would authorize the injunction: (1) irreparable harm; (2) no adequate legal remedy; (3) clear right to relief; (4) public interest). Their only assertion in its regard is that the circuit court lacked jurisdiction to enter it for the reasons set forth in their motion to dismiss. Because those issues remain undecided, we affirm the temporary injunction with the understanding that the circuit court may revisit it after resolving the jurisdictional questions.
Dismissed in part; affirmed in part.
DAVIS and CRENSHAW, JJ., Concur.