LEVINE, J.
The issue presented for our review is whether the trial court erred by failing to dismiss this lawsuit for lack of personal jurisdiction. Appellee did not file an affidavit, or other sworn proof, to refute appellant’s affidavit, in which appellant denied having signed the contract which was the basis of this lawsuit. In the absence of any sworn response to appellant’s denial of *605 having signed the contract which allegedly formed the basis for personal jurisdiction, appellee failed to meet his burden to establish personal jurisdiction. We, thus, find the trial court erred, and we reverse and remand.
Appellee Warren Marmorstein, a Florida resident, filed a complaint against appellant Beverly Kent, a resident of Michigan. Marmorstein alleged that he loaned Kent’s son $185,000, and that Kent personally guaranteed repayment. Marmorstein claimed that Kent signed a guarantee,[1] which stated it would be “governed by the laws of the State of Florida” and that “[i]n the event of litigation, Broward County, Florida shall serve as venue.”
Kent filed a motion to dismiss for lack of jurisdiction, alleging that the complaint failed to satisfy Florida’s long-arm statute and failed to establish sufficient minimum contacts between Kent and Florida. Kent submitted an affidavit stating that she resides in Michigan, does not own property or conduct business in Florida, and, significantly, that she did not sign or review the personal guarantee. Kent stated in the affidavit that she did not have knowledge of the contents of the agreement and was not involved in the negotiations regarding that agreement. Marmorstein, in response, filed an unsworn response claiming that Kent, in fact, agreed to jurisdiction and venue in Broward County. After a non-evidentiary hearing, the trial court denied Kent’s motion to dismiss. This appeal ensues from the denial of Kent’s motion to dismiss.
The denial of a motion to dismiss for lack of personal jurisdiction is reviewed de novo. Wendt v. Horowitz, 822 So.2d 1252, 1256 (Fla.2002). According to the seminal case of Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989), in order to establish personal jurisdiction over a non-resident defendant, the plaintiff must satisfy a two-part test. First, the plaintiff must allege sufficient jurisdictional facts to satisfy section 48.193, Florida Statutes, the long-arm statute; and second, the plaintiff must demonstrate that the defendant had sufficient minimum contacts with Florida to satisfy due process requirements. Id. “Both parts must be satisfied for a court to exercise personal jurisdiction over a non-resident defendant.” Am. Fin. Trading Corp. v. Bauer, 828 So.2d 1071, 1074 (Fla. 4th DCA 2002).
Kent states that the trial court erred in denying the motion to dismiss, by finding that Marmorstein’s complaint met the requirement of the long-arm statute, and by finding sufficient minimum contacts to support jurisdiction over her. Kent also states that the trial court erred in failing to dismiss the complaint where Marmor-stein failed to respond to her sworn affidavit denying having signed or agreed to the personal guarantee.
“A defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts must file affidavits in support of his position. The burden is then placed upon the plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained.” Venetian Salami, 554 So.2d at 502. Only where the relevant facts set forth in the defendant’s affidavit are in direct conflict with the facts in the plaintiffs affidavit, and the facts cannot be reconciled must the trial court “hold a limited evidentiary hearing in order to determine the jurisdiction issue.” Id. at 503.
In Balboa v. Assante, 958 So.2d 573 (Fla. 4th DCA 2007), the plaintiff filed suit alleging that the defendant breached an oral contract calling for payment of monies *606 in Florida. The defendant moved to dismiss for lack of jurisdiction, contending that she did not enter into any oral contract and that the money was a gift. Both parties filed affidavits. The Balboa court found the facts of the case similar to Venetian Salami where the supreme court, noting that the affidavits were conflicting on the jurisdictional issue of the existence of a contract, ordered the trial court to conduct a limited evidentiary hearing on the issue. Following Venetian Salami, the Balboa court reversed and remanded for an evi-dentiary hearing. Balboa is instructive because like in the present case, a contract was in issue, but unlike the present case, both parties filed sworn affidavits concerning jurisdiction.
The facts of the instant case are also similar to Horowitz v. Rose Printing Co., 664 So.2d 325 (Fla. 1st DCA 1995). In Horowitz, the plaintiff filed an action for breach of contract against out-of-state defendants. The defendants moved to dismiss based on lack of minimum contacts and filed an affidavit stating that they did not operate a business in Florida, did not breach a contract in Florida, and had no requirement to perform any acts in Florida. The First District held the affidavit was legally sufficient to contest the jurisdictional allegations and that the plaintiffs failure to respond with a counter-affidavit or other sworn proof served to defeat the exercise of long-arm jurisdiction.
In the present case, Kent filed an affidavit which stated that she did not sign the guarantee and disputed agreeing to the guarantee and its conditions including venue in Broward County. Since Kent filed a legally sufficient affidavit disputing jurisdiction, based on Venetian Salami, Marmorstein failed to meet his burden “to contest the allegations of the complaint concerning jurisdiction” by filing “affidavits in support of his position.” 554 So.2d at 502. In the present case, Kent contested a key factual matter by denying that she signed the personal guarantee. Because there were “factual contentions refuting the basis for personal jurisdiction,” the burden shifted to Marmorstein to demonstrate jurisdiction. Acquadro v. Bergeron, 851 So.2d 665, 673 (Fla.2003). By filing only an unsworn response, Mar-morstein failed to meet his burden.
In summary, we reverse and remand for the trial court to dismiss the complaint because Marmorstein failed to refute Kent’s legally sufficient affidavit contesting jurisdiction.

Reversed and remanded with directions.

MAY and GERBER, JJ., concur.

. The guarantee alleged to have been signed by Kent was not notarized.