FRANK, Judge.
Williamsburg Vacations, Inc. and Robert T. Gow have appealed from an order denying their motion to dismiss based upon lack of in personam jurisdiction. The uncontroverted evidence established that no basis existed for application of the Florida longarm statute. We reverse.
Robert E. Lee sued Williamsburg and Gow, alleging that he had been involved in the planning, development, marketing, managing, and financing of a time share project located in Virginia known as the Powhatan Project. He contended that Williamsburg had discontinued payments to him under a contract in 1991 and that he had been fraudulently misled as to the amount of money due him. In his complaint Lee sought declaratory relief and damages for Williamsburg’s and Cow’s alleged breach of contract, for tortious interference with contractual and business relations, and for civil conspiracy.
The sole jurisdictional allegations in the complaint were that Williamsburg and Gow do business in the state of Florida. Against these allegations Williamsburg and Gow filed affidavits stating that Williamsburg is a Virginia corporation with offices in Williamsburg and Norfolk only. The corporation is not licensed to do business in Florida nor has it ever engaged in business in Florida. The company has no employees or representatives in Florida. The discussions concerning the Powhatan project occurred primarily in Virginia. The parties did not anticipate that any of the activities that Lee would perform, such as financing, tax planning, or review of legal documents, would be performed in Florida. Lee filed no affidavits and offered no other evidence to controvert these facts. Thus, the bare allegations of the complaint are insufficient to show that either the requirements of the Florida longarm statute or of constitutional minimum contacts have been met.
A plaintiff, faced with affidavits contesting the allegations of the complaint regarding jurisdiction or minimum contacts, must prove by affidavit the jurisdictional basis for initiating the action in Florida. Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989); Lampe v. Hoyne, 652 So.2d 424 (Fla. 2d DCA 1995). Lee has not met this burden; the facts submitted in the sworn affidavits must be taken as true; and the complaint should have been dismissed.
Reverse and remand for further proceedings not inconsistent with this opinion.
RYDER, A.C.J., and PATTERSON, J., concur.