709 So.2d 639 (1998)
CAPITAL ONE FINANCIAL CORPORATION, Appellant,
v.
Larry C. MILLER, Appellee.
No. 97-04230.
District Court of Appeal of Florida, Second District.
April 24, 1998.
Hywel Leonard and D. Matthew Allen of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for Appellant.
Charles E. Lykes, Jr., Clearwater, for Appellee.
DOYEL, ROBERT L., Associate Judge.
A corporation foreign to Florida challenges an order denying its motion to dismiss for lack of personal jurisdiction. We reverse.
For a determination of this matter, there is an unsworn complaint and an affidavit in support of the appellant's motion to dismiss. The complaint alleges breach of a 1995 contract by Signet Bank/Virginia. It names Signet Bank/Virginia and the appellant as defendants. The appellee has filed nothing more than the unsworn complaint. The affiant is Frank G. LaPrade, III, the assistant general counsel for the appellant. The allegations in the LaPrade affidavit are that the appellant is a holding company only and conducts no *640 business; that it owns all of the stock (except directors' qualifying shares) of Capital One Bank, which bought "substantially all" of the assets and liabilities of Signet Bank/Virginia in 1994.
Capital One Bank apparently does business in Florida. However, the presence of a subsidiary corporation within Florida is not enough, without more, to subject a non-Florida parent corporation to long-arm jurisdiction within Florida. See Flight Int'l Aviation Training Ctr. v. Rivera, 651 So.2d 1265 (Fla. 1st DCA 1995).
The rule to be applied here is the rule stated in Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989). In that case the supreme court said:
A defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts must file affidavits in support of his position. The burden is then placed upon the plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained.
Id. at 502.
As we have pointed out, the appellee filed no affidavit in opposition to the affidavit submitted by the appellant. A plaintiff may be excused from the requirement of filing an opposing affidavit only "when the nonresident defendant's affidavit does not sufficiently refute the jurisdictional allegations." See Lampe v. Hoyne, 652 So.2d 424, 426 (Fla. 2d DCA 1995). Otherwise, the facts submitted in the sworn affidavits must be taken as true; and the complaint should be dismissed. See Williamsburg Vacations, Inc. v. Lee, 664 So.2d 1044 (Fla. 2d DCA 1995). The appellant's affidavit was adequate. The appellee filed no opposing affidavit and his complaint is unsworn. Therefore, the trial court erred in denying the motion of the appellant to dismiss for lack of personal jurisdiction.
Reversed.
FRANK, A.C.J., and QUINCE, J., concur.