940 So.2d 1139 (2006)
RESOURCE HEALTHCARE OF AMERICA, INC., f/k/a RHA/Home Office, Inc., Appellant,
v.
Lee Roy McKINNEY, as Personal Representative of the Estate of Lorene McKinney; and RHA/Florida Operations, Inc.; Healthprime, Inc.; HP/Management Group, Inc.; Dixie Healthcare Investors, L.P.; HP/Hyde, Inc.; Delta Healthgroup, Inc.; Stella Pappas; Janet Vincenti; Tomiko Trigo; and Joan Eleanor Baldwin; (as to Glen Oaks Health Care), Appellees.
No. 2D05-5754.
District Court of Appeal of Florida, Second District.
August 11, 2006.
Rehearing Denied October 13, 2006.
*1140 J. Craig Knox and George T. Levesque of Andrews, Crabtree, Knox & Andrews, LLP, Tallahassee, for Appellant.
Susan B. Morrison of Law Offices of Susan B. Morrison, P.A., and Blair N. Mendes of Wilkes & McHugh, P.A., Tampa, for Appellee Lee Roy McKinney, as Personal Representative of the Estate of Lorene McKinney.
No appearance for RHA/Florida Operations, Inc.; Healthprime, Inc.; HP/Management Group, Inc.; Dixie Healthcare Investors, L.P.; HP/Hyde, Inc.; Delta Healthgroup, Inc.; Stella Pappas; Janet Vincenti; Tomiko Trigo; and Joan Eleanor Baldwin; (as to Glen Oaks Health Care).
SALCINES, Judge.
Resource Healthcare of America, Inc., f/k/a RHA/Home Office, Inc. (Resource Healthcare), appeals a nonfinal order denying its motion to dismiss for lack of personal jurisdiction. We reverse.
Lee Roy McKinney, as personal representative of the estate of Lorene McKinney, filed suit against multiple parties including Resource Healthcare, a foreign corporation, asserting claims related to the care and treatment of Lorene McKinney while she was at Glen Oaks Health Care, a nursing home located in Florida. Resource Healthcare moved to dismiss the complaint for lack of personal jurisdiction and filed the affidavit of Resource Healthcare's president, Bryant Coats, in support of its motion. In response to Resource Healthcare's motion and affidavit, Mr. McKinney filed transcripts from two depositions. The trial court conducted a hearing on Resource Healthcare's motion to dismiss, took the matter under advisement, and subsequently entered an order that simply denied the motion without discussing the rationale leading to the denial. That order is the subject of Resource Healthcare's appeal.
"Our standard of review on the issue of personal jurisdiction over a foreign corporation is de novo." Camp Illahee Investors, Inc. v. Blackman, 870 So.2d 80, 83 (Fla. 2d DCA 2003). The determination of whether the trial court has personal jurisdiction over Resource Healthcare turns on whether there are sufficient jurisdictional facts to bring Mr. McKinney's action against Resource Healthcare within the purview of the long-arm statute. Reviewing this matter de novo, we conclude that Mr. McKinney failed to establish a basis for the Florida court to acquire long-arm jurisdiction over Resource Healthcare.
When a nonresident defendant moves to dismiss a complaint for lack of long-arm jurisdiction and files an affidavit "or other sworn proof," the burden is placed on the plaintiff to prove by affidavit or other sworn proof the basis upon which jurisdiction may be obtained. Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502-03 (Fla.1989) (referring to affidavit); Kin Yong Lung Indus. Co. v. Temple, 816 So.2d 663, 666 (Fla. 2d DCA 2002) (referring to other sworn proof). If the affidavits *1141 conflict, the trial court should hold a limited evidentiary hearing to resolve the disputed issues of fact and to determine the jurisdiction issue. Venetian Salami, 554 So.2d at 503. Once the court determines that the facts are sufficient to bring the defendant within the reach of the long-arm statute, the court must also consider whether the defendant has sufficient minimum contacts with the state so that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. Id. This requires the court to determine whether the defendant has availed itself of the privilege of doing business in Florida or has committed acts with an effect in Florida such that it would anticipate being haled into Florida courts. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). In the present case, we do not reach the issue of minimum contacts because Mr. McKinney did not establish a statutory basis for long-arm jurisdiction.
Mr. McKinney had the burden of alleging facts which, if proven to be true, would support specific personal jurisdiction over Resource Healthcare under section 48.193(1), Florida Statutes (2003) (conferring jurisdiction for any cause of action arising from the "doing of" specifically enumerated acts in Florida), or general personal jurisdiction under section 48.193(2) (conferring jurisdiction over parties who engage in substantial and not isolated activity within Florida). See Venetian Salami, 554 So.2d at 502. The jurisdictional allegations contained in the operative complaint provided:
9. Defendant, RESOURCE HEALTHCARE OF AMERICA, INC. f/k/a RHA/Home Office, Inc. (hereinafter "RESOURCE HEALTHCARE OF AMERICA, INC."), is a Tennessee corporation, which is doing business in Florida.
. . . .
16. Defendant, RESOURCE HEALTHCARE OF AMERICA, INC., established, conducted, managed, operated, or maintained GLEN OAKS HEALTH CARE during LORENE McKINNEY'S period of residency prior to May 15, 2001, and is a licensee pursuant to Chapter 400, Florida Statutes (2000).
. . . .
25. Defendant, RESOURCE HEALTHCARE OF AMERICA, is an entity that operated the nursing home during LORENE McKINNEY'S residency on or after May 15, 2001, and as such owed a duty to LORENE McKINNEY to exercise reasonable care in the operation of the nursing home according to § 400.023(3), Florida Statutes (2001).
Additionally, Mr. McKinney alleged various tort claims in the complaint all of which relied on the allegation that Resource Healthcare owed a duty to exercise reasonable care because it was an entity that established, conducted, managed, operated, or maintained Glen Oaks Health Care during the specified periods of time.
In response to those allegations, Resource Healthcare filed the affidavit of Mr. Coats in which he averred that:
2. Resource Healthcare is a non-profit corporation organized under the laws of the State of Tennessee and maintains its corporate offices in Atlanta, Georgia. Resource Healthcare does not now and has never previously maintained an office or conducted any business in the State of Florida.
3. Resource Healthcare has never qualified, or applied to qualify, as a foreign corporation with the Secretary of State of Florida. Resource Healthcare does not own and has never held or owned real or personal property in the State of Florida.

*1142 4. Resource Healthcare does not maintain a registered agent for purposes of service of process in the State of Florida.
5. Resource Healthcare has not and has never been the licensee or manager of Glen Oaks Health Care, pursuant to § 400.022, Florida Statutes.
6. Resource Healthcare never established, conducted, managed, operated, or maintained Glen Oaks Health Care at any time.
7. Resource Healthcare is the sole member of RHA/Florida Operations, Inc., a Florida non-profit corporation, which was the licensed operator of Glen Oaks Health Care and which was the provider of the health care services at that facility, and the employer of the employees who worked at that facility.
8. Resource Healthcare has neither provided, nor managed, nor supervised the care and treatment of residents, including Lorene McKinney, at Glen Oaks Health Care at any time.
9. Resource Healthcare has neither billed nor received money from or on behalf of residents at Glen Oaks Health Care, including Lorene McKinney.
10. Resource Health has never had possession or control of any medical records concerning Lorene McKinney and her residency at Glen Oaks Health Care at any time.
Mr. Coats' affidavit clearly contradicted the jurisdictional allegations in the complaint. Hence, the burden of proving that personal jurisdiction existed was placed on Mr. McKinney. See Peznell v. Doolan, 722 So.2d 881 (Fla. 2d DCA 1998) (holding that burden had shifted to plaintiffs to establish jurisdiction but they had failed to satisfy burden; plaintiffs' complaint made conclusory allegations sufficient to raise jurisdiction and defendant's affidavit, with equally conclusory allegations, supported his claim of no jurisdiction). This required Mr. McKinney to provide sworn proof establishing sufficient facts to bring Resource Healthcare within the reach of the long-arm statute. The sworn testimony in the depositions filed by Mr. McKinney failed to establish those facts under either a theory of specific jurisdiction pursuant to section 48.193(1) (by doing certain acts in Florida), or a theory of general jurisdiction pursuant to section 48.193(2) (by engaging in substantial and not isolated activity within Florida).
A review of Mr. McKinney's complaint, at best, implicates only three statutory bases to confer long-arm jurisdiction over Resource Healthcare: (1) pursuant to section 48.193(1)(b) based on allegations that Resource Healthcare committed torts in Florida; (2) pursuant to section 48.193(1)(a) based on allegations that Mr. McKinney's claims arose from a business that Resource Healthcare was operating, conducting, engaging in, or carrying on in Florida; and (3) pursuant to section 48.193(2) based on allegations that Resource Healthcare operated Glen Oaks Health Care, i.e., engaged in substantial and not isolated activity within Florida.
The deposition testimony was that of Mr. Coats and Stella Pappas. Mr. Coats' deposition testimony revealed that in addition to being the president of Resource Healthcare, at various times he was also the vice president and chief executive officer of RHA/Florida Operations, Inc. Resource Healthcare was the parent entity of RHA/Florida Operations as well as other affiliated companies. Mr. Coats affirmed that RHA/Florida Operations was the licensee of Glen Oaks Health Care. RHA/Florida Operations used HP Management Group, Inc., a Healthprime affiliated company, as the management company in the course of operating its facilities. Mr. Coats was not otherwise affiliated with *1143 Healthprime. Ms. Pappas was the former administrator of Glen Oaks Health Care during the pertinent periods and an employee of Healthprime, the manager of Glen Oaks Health Care. Ms. Pappas had never heard of Resource Healthcare and could not testify concerning any of its activities. The foregoing deposition testimony failed to demonstrate that Resource Healthcare fell within the purview of Florida's long-arm statute.
Again, the tort claims against Resource Healthcare assumed that it "established, conducted, managed, operated, or maintained" Glen Oaks Health Care during Ms. McKinney's residency and, therefore, owed a duty to Ms. McKinney to exercise reasonable care in the operation of the nursing home. The affidavit refuted the allegation that Resource Healthcare ever established, conducted, managed, operated, or maintained Glen Oaks Health Care, and the deposition testimony did not establish otherwise. Thus, Mr. McKinney failed to establish long-arm jurisdiction over Resource Healthcare under section 48.193(1)(b).
The jurisdictional reach of section 48.193(1)(a) was equally unavailing in the present matter. That section confers jurisdiction over parties who operate, conduct, engage in, or carry on a business or business venture in this state or have an office or agency in this state for any cause of action arising from the "doing of" those acts. The deposition testimony failed to establish that Resource Healthcare did any of the foregoing acts. Likewise, the deposition testimony failed to establish that Resource Healthcare engaged in substantial and not isolated activity within Florida as required in order to bring it within the ambit of section 48.193(2).
Resource Healthcare was the nonprofit "parent" corporation of RHA/Florida Operations, its nonprofit subsidiary that was the licensee of the Glen Oaks Health Care Center. Ownership of a resident subsidiary corporation by an out-of-state parent corporation, without more, has been repeatedly deemed insufficient to meet the requirements of section 48.193. See Greystone Tribeca Acquisition, L.L.C. v. Ronstrom, 863 So.2d 473, 476 (Fla. 2d DCA 2004) (holding that out-of-state parent corporation's resident subsidiary which was the owner, operator, and licensee of a nursing home located within the state did not constitute activity sufficient to grant personal jurisdiction over parent corporation, even though parent corporation was disclosed on state licensure filings); Capital One Fin. Corp. v. Miller, 709 So.2d 639, 640 (Fla. 2d DCA 1998) (finding foreign holding company's ownership of subsidiary within the state insufficient to satisfy the long-arm statute); Walt Disney Co. v. Nelson, 677 So.2d 400, 403 (Fla. 5th DCA 1996) (holding parent corporation's ownership of a subsidiary which conducted business in the state, without more, insufficient to establish long-arm jurisdiction); Qualley v. Int'l Air Serv. Co., 595 So.2d 194, 196 (Fla. 3d DCA 1992) (holding requirements of section 48.193 were not met for parent corporation which owned a subsidiary actively involved in business in Florida, even though parent corporation also performed certain accounting and payroll functions for its subsidiary).[1]
*1144 Accordingly, because Mr. McKinney failed to establish a basis for the Florida court to acquire long-arm jurisdiction over Resource Healthcare, we reverse and remand with directions to the trial court to grant Resource Healthcare's motion to dismiss.
Reversed and remanded with directions.
NORTHCUTT and LaROSE, JJ., Concur.
NOTES
[1] We note that although the mere presence of a subsidiary in Florida, without more, does not subject a non-Florida corporate parent to long-arm jurisdiction, when a parent exercises sufficient control over a subsidiary, that control establishes an agency and supports jurisdiction. See Enic, PLC v. F.F. South & Co., 870 So.2d 888 (Fla. 5th DCA 2004). In the present case, McKinney did not present an agency theory and did not offer sworn proof that would establish jurisdiction based on agency.