955 So.2d 598 (2007)
HILLTOPPER HOLDING CORPORATION and Centennial Healthcare Corporation, Appellants,
v.
ESTATE OF Cheryl CUTCHIN, by and through Denae ENGLE, Personal Representative, Appellee.
No. 2D06-3800.
District Court of Appeal of Florida, Second District.
March 9, 2007.
Rehearing Denied May 22, 2007.
*599 Scott A. Cole and Hans Peter Haahr of Cole Scott & Kissane, P.A., Miami, for Appellants.
Susan B. Morrison of Law Offices of Susan B. Morrison, P.A., Tampa; and James R. Freeman of Wilkes & McHugh, P.A., Tampa, for Appellee.
STRINGER, Judge.
Hilltopper Holding Corporation and Centennial Healthcare Corporation appeal from the trial court's order denying their *600 motion to dismiss the complaint filed against them by the Estate of Cheryl Cutchin for lack of personal jurisdiction. Because the Estate failed to meet its burden to establish personal jurisdiction over these defendants, we reverse and remand for dismissal of the complaint against these two defendants.
The Estate sued Hilltopper, Centennial, and numerous other defendants after Cheryl Cutchin died following a stay in a nursing home. The complaint contained the following jurisdictional allegations against Hilltopper and Centennial:
4. Defendant, HILLTOPPER HOLDING CORPORATION (hereinafter "HILLTOPPER"), is a Delaware corporation, which is doing business in Florida.
. . . .
6. Defendant, CENTENNIAL HEALTHCARE CORPORATION (hereinafter "CENTENNIAL"), is a Georgia corporation, which is doing business in Florida.
. . . .
15. Defendant, HILLTOPPER, is an entity that operated the nursing home during CHERYL CUTCHIN'S residency and as such owed a duty to CHERYL CUTCHIN to exercise reasonable care in its operation of the nursing home according to § 400.023(3), Florida Statutes.
16. Defendant, CENTENNIAL, is an entity that operated the nursing home during CHERYL CUTCHIN'S residency and as such owed a duty to CHERYL CUTCHIN to exercise reasonable care in its operation of the nursing home according to § 400.023(3), Florida Statutes.
The complaint further alleged that Hilltopper and Centennial tortiously breached these alleged duties by failing to "properly hire, retain and supervise nurses" and by failing to ensure that the nursing staff "exercised care consistent with the prevailing professional standard of care."
In response to the complaint, both Hilltopper and Centennial filed motions to dismiss for lack of personal jurisdiction, each of which was accompanied by an affidavit. Each affidavit was signed by Tracey Cosby, who asserted that she was the corporate representative for each corporation. Each affidavit alleged that neither Hilltopper nor Centennial conducted business in Florida, neither corporation had agents appointed for service of process in Florida, neither corporation was licensed to do business in Florida, neither corporation maintained offices or employees in Florida, and neither corporation advertised in Florida. Further, each affidavit alleged that neither Hilltopper nor Centennial owned, managed, or operated the nursing home at issue, had any management responsibilities at the nursing home at issue, or had employees through which it provided patient care at the nursing home at issue.
The Estate did not file any countervailing affidavits. Instead, relying on portions of Tracey Cosby's deposition testimony, the Estate argued that the affidavits filed by Hilltopper and Centennial were legally insufficient to refute the jurisdictional allegations of the complaint. The trial court agreed and denied the motions to dismiss. Hilltopper and Centennial then brought this nonfinal appeal.[1]
It is well established that determining the propriety of a plaintiff's attempt to exercise long-arm jurisdiction over a foreign defendant is a two-step inquiry. Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989); Kin *601 Yong Lung Indus. Co. v. Temple, 816 So.2d 663, 666 (Fla. 2d DCA 2002). The first inquiry is whether the plaintiff has alleged sufficient jurisdictional facts to subject the defendant to long-arm jurisdiction under section 48.193, Florida Statutes. Venetian Salami, 554 So.2d at 502; Kin Yong Lung Indus. Co., 816 So.2d at 666; see also Doe v. Thompson, 620 So.2d 1004, 1004 (Fla.1993). If the plaintiff has done so, the second inquiry is whether the defendant possesses sufficient minimum contacts with Florida to satisfy constitutional due process requirements. Venetian Salami, 554 So.2d at 500; Kin Yong Lung Indus. Co., 816 So.2d at 666. This requires the court to determine whether the defendant has availed itself of the privilege of doing business in Florida or has committed acts with an effect in Florida such that it would anticipate being haled into Florida's courts. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); Res. Healthcare of Am., Inc. v. McKinney, 940 So.2d 1139, 1141 (Fla. 2d DCA 2006).
Venetian Salami also sets forth the procedures for the parties and the trial court to use when a defendant argues that the court lacks personal jurisdiction over the defendant. Initially, the plaintiff bears the burden of pleading a basis for jurisdiction under section 48.193. Venetian Salami, 554 So.2d at 502. The plaintiff may do so either by tracking the language of section 48.193 without pleading supporting facts, id., or by alleging specific facts that demonstrate that the defendant's actions fit within one or more subsections of section 48.193. Washington Capital Corp. v. Milandco, Ltd., 695 So.2d 838, 841 (Fla. 4th DCA 1997).
If the plaintiff meets this pleading requirement, the burden shifts to the defendant to file a legally sufficient affidavit or other sworn proof that contests the essential jurisdictional facts of the plaintiff's complaint. Venetian Salami, 554 So.2d at 502; Kin Yong Lung Indus. Co., 816 So.2d at 666. To be legally sufficient, the defendant's affidavit must contain factual allegations which, if taken as true, show that the defendant's conduct does not subject him to jurisdiction. Acquadro v. Bergeron, 851 So.2d 665, 672 (Fla.2003); Capital One Fin. Corp. v. Miller, 709 So.2d 639, 640 (Fla. 2d DCA 1998) (noting that the facts in the defendant's sworn affidavit are to be taken as true in determining whether the burden shifts to the plaintiff to prove jurisdiction). At this stage, the defendant's affidavit must contest only the actual jurisdictional facts  not the ultimate allegations of the complaint. Acquadro, 851 So.2d at 669 (noting that the purpose of the evidentiary hearing on jurisdiction was not to resolve whether the defendants committed tortious acts in the state but only whether they committed acts that would subject them to jurisdiction if proven to be true). If the defendant does not fully dispute the jurisdictional facts, the motion must be denied. See Acquadro, 851 So.2d 665 (holding that when the defendant's affidavit admitted making the statements at issue but simply denied that they were tortious, the affidavit did not contest the basis for jurisdiction and therefore the motion to dismiss was properly denied); Gerber Trade Fin., Inc. v. Bayou Dock Seafood Co., 917 So.2d 964 (Fla. 3d DCA 2005) (holding that when the defendant's affidavit admitted that it had possession of the disputed goods but denied that its possession was improper, the affidavit did not contest the basis for jurisdiction and therefore the motion to dismiss should have been denied); XL Vision, LLC. v. Holloway, 856 So.2d 1063 (Fla. 5th DCA 2003) (holding that when the defendant's affidavit denied that he personally did business in Florida but did not deny *602 that he operated a business in Florida through an alter ego, the affidavit did not fully contest the jurisdictional allegations and the motion to dismiss was properly denied); see also Lampe v. Hoyne, 652 So.2d 424, 426 (Fla. 2d DCA 1995) (noting that a plaintiff is excused from filing an opposing affidavit only when the defendant's affidavit does not sufficiently refute the jurisdictional allegations).
If the defendant's affidavit does fully dispute the jurisdictional allegations in the plaintiff's complaint, the burden shifts back to the plaintiff to prove by affidavit or other sworn proof that a basis for long-arm jurisdiction exists. Venetian Salami, 554 So.2d at 502; Kin Yong Lung Indus. Co., 816 So.2d at 666. If the plaintiff fails to come forward with sworn proof to refute the allegations in the defendant's affidavit and to prove jurisdiction, the defendant's motion to dismiss must be granted. Venetian Salami, 554 So.2d at 502; Kin Yong Lung Indus. Co., 816 So.2d at 666; Capital One Fin. Corp., 709 So.2d at 640; Lampe, 652 So.2d at 425.
In this case, the jurisdictional allegations in the Estate's complaint are sufficient to allege long-arm jurisdiction under section 48.193, Florida Statutes (2005). The allegations that Hilltopper and Centennial were doing business in Florida and operating a nursing home in Florida are sufficient to satisfy the requirements of section 48.193(2), which imposes jurisdiction on "[a] defendant who is engaged in substantial and not isolated activity within this state." In addition, the allegations that Hilltopper and Centennial were operating the nursing home and tortiously injured Cutchin while doing so were sufficient to satisfy the requirements of section 48.193(1)(a), which imposes jurisdiction on a defendant that operates or conducts business in the state, and section 48.193(1)(b), which imposes jurisdiction on a defendant that commits a tortious act within the state.
However, the affidavits filed by Hilltopper and Centennial are sufficient to refute the jurisdictional allegations in the Estate's complaint. The gravamen of the Estate's basis for jurisdiction over Hilltopper and Centennial is that they operated the nursing home at issue and therefore were liable for the negligent patient care given to Cutchin by the nursing home's employees. Thus, the jurisdictional allegations in the complaint are solely those relating to the operation of the nursing home. In response to these jurisdictional allegations, Hilltopper and Centennial made factual assertions that they did not do business in Florida and that they did not operate the nursing home at issue. Since the only jurisdictional allegation is that Hilltopper and Centennial operated the nursing home, if neither Hilltopper nor Centennial in fact operated the nursing home, there is no basis for long-arm jurisdiction. Therefore, the allegations in the affidavits fully disputed the jurisdictional allegations in the Estate's complaint and were sufficient to shift the burden back to the Estate to come forward with sworn proof to establish a basis for jurisdiction.
Contrary to the Estate's assertions, Hilltopper and Centennial did not need to allege in their affidavits that they did not owe a duty to Cutchin under a contract or that they did not commit torts against her. Any such allegations would be legal conclusions rather than factual allegations and would be insufficient to contest jurisdiction. See Acquadro, 851 So.2d at 672 (noting that a denial of making a statement would be a factual assertion but a denial of making a tortious statement was a legal conclusion). Further, Hilltopper and Centennial were not required to contest possible bases for jurisdiction not alleged in the complaint.
*603 Once the burden shifted back to the Estate to establish jurisdiction, it was incumbent on the Estate to come forward with sworn proof of a basis for jurisdiction. However, the Estate failed to do so. The Estate offered no evidence to prove that either Hilltopper or Centennial operated the nursing home at issue. While the Estate now contends that Hilltopper and Centennial were parent corporations of the actual operators of the nursing home, the Estate offered no evidence to show that Hilltopper or Centennial controlled a Florida subsidiary to the extent necessary to establish agency and thus jurisdiction. See Res. Healthcare, 940 So.2d at 1143 n. 1 (noting that while the mere presence of a subsidiary in Florida is insufficient to subject a non-Florida parent to jurisdiction, when the parent exercises sufficient control over the subsidiary, the control may result in an agency relationship that would support jurisdiction). The Estate offered no evidence whatsoever to refute the allegations of the affidavits filed by Hilltopper and Centennial.
The Estate argues on appeal that it offered evidence in the form of Tracey Cosby's deposition transcript and that certain statements in the deposition called into question the basis of Cosby's knowledge of the allegations in her affidavits. However, the Estate misunderstood its burden. Once Hilltopper and Centennial filed Cosby's sworn facially sufficient affidavits that refuted the Estate's jurisdictional allegations, the question for the trial court was whether, taking the allegations in the affidavits as true, there was a basis for jurisdiction over Hilltopper and Centennial. Because the allegations of Cosby's affidavits were to be taken as true, the Estate's efforts to discredit the affidavits by contesting the credibility of the affiant were misplaced.
Once Hilltopper and Centennial filed their affidavits fully disputing the jurisdictional allegations of the Estate's complaint, the Estate had the burden to prove a basis for jurisdiction. Because the Estate failed to refute the legally sufficient factual assertions set forth in Hilltopper's and Centennial's affidavits, their motions challenging personal jurisdiction should have been granted. Accordingly, we reverse and remand for the trial court to dismiss the complaint as to these defendants.
Reversed and remanded.
DAVIS and VILLANTI, JJ., Concur.
NOTES
[1] We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i).