CRENSHAW, Judge.
Harris Schwartzberg, Maxwell Stolz-berg, and twenty trusts (the Trusts) appeal the trial court’s order denying their motions to dismiss for lack of personal jurisdiction in pending nursing home litigation. Because we conclude that Betty A. Brown, as the personal representative of the Estate of Mattie McCutchen, deceased, failed to establish a basis for personal jurisdiction over Schwartzberg, Stolzberg, and the Trusts, we reverse.
To obtain personal jurisdiction over a nonresident defendant, a plaintiff must allege “ ‘sufficient jurisdictional facts to bring the action within the ambit of [section 48.193]; and if it does, the next inquiry is whether sufficient “minimum contacts” are demonstrated to satisfy due process requirements.’ ” Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989) (quoting Unger v. Publisher Entry Serv., Inc., 513 So.2d 674, 675 (Fla. 5th DCA 1987)); see also Hilltopper Holding Corp. v. Estate of Cutchin, 955 So.2d 598, 601 (Fla. 2d DCA 2007). The second prong “requires the court to determine whether the defendant has availed itself of the privilege of doing business in Florida or has committed acts with an effect in Florida such that it would anticipate being haled into Florida’s courts.” Hilltopper Holding Corp., 955 So.2d at 601. If the plaintiff sufficiently pleads personal jurisdiction, the defendant challenging personal jurisdiction “must provide admissible evidence that refutes the essential jurisdictional facts set forth in the plaintiff’s complaint. ... If a defendant fully refutes the jurisdictional allegations, then the burden shifts back to the plaintiff to prove the basis for jurisdiction.” Kitroser v. Hurt, 85 So.3d 1084, 1087 (Fla.2012) (citing Venetian Salami Co., 554 So.2d at 502) (citation omitted). Our review of a trial court’s ruling on a motion to dismiss for lack of personal jurisdiction over a nonresident defendant is de novo. Wendt v. Horowitz, 822 So.2d 1252, 1256 (Fla.2002); Res. Healthcare of Am., Inc. v. McKinney, 940 So.2d 1139, 1140 (Fla. 2d DCA 2006).
Brown filed an action against Schwartz-berg, Stolzberg, and the Trusts in November 2009, alleging that they committed several tortious acts against McCutchen between October 1, 2008, and December 9, 2008, while she resided at a nursing home known as the Palm Terrace of Clewiston. Schwartzberg, Stolzberg, and the Trusts moved to dismiss the complaint against them for lack of personal jurisdiction. In support of their motions, Schwartzberg and Stolzberg attached affidavits attesting that they were New York residents who did not maintain an office, employ any person, have an agent for service of process, incur or pay taxes, or control, operate, manage, or consult with nursing homes within Florida. A collective trustee of the twenty Trusts provided a similar affidavit, attesting that the Trusts were created and registered in New York, were not authorized to do business in Florida, and did not maintain an office, employ any person, have an agent for service of pro *84 cess, incur or pay taxes, or control, operate, manage, or consult with any nursing homes within the state.
In response to these affidavits, Brown filed an opposing affidavit from Victoria Fierro, a Certified Public Accountant specializing in health care finance. After reviewing several public records relating to the business operations of the Palm Terrace of Clewiston, Fierro concluded that Schwartzberg, Stolzberg, and the Trusts were engaged in the owning, operating, and managing of the nursing home facility. Fierro then attached these various public records in support of her affidavit. After conducting a hearing on Schwartzberg’s, Stolzberg’s, and the Trusts’ dismissal motions, the trial court determined that Fier-ro’s opposing affidavit and accompanying attachments were sufficient to show that the parties were involved in more than just a simple ownership interest subjecting them to personal jurisdiction. We disagree based on this court’s recent holding in Schwartzberg v. Knobloch, — So.3d — (Fla. 2d DCA 2012).
Knobloch involved the same appellants as this case, and the decedent’s estate alleged substantially the same complaints against Schwartzberg, Stolzberg, and the Trusts. Although Knobloch concerned nursing home litigation against the Palm Terrace of Lakeland and our case concerns the Palm Terrace of Clewiston, Fierro’s attachments show that the sister facilities share the same ownership and the same corporate structure. See Knobloch, — So.3d at — (discussing the tiers of Palm Terrace of Lakeland’s organizational structure). This court examined Knobloch’s complaint, Schwartzberg’s, Stolzberg’s, and the Trusts’ affidavits, and Fierro’s affidavit and attachments and concluded that
Ms. Knobloch established only that the Appellants have indirect ownership interests in the nursing home’s operating and management companies. But nothing about the Appellants’ financial interests in the nursing home is related in any way to Ms. Knobloch’s claims. Ms. Knobloch has failed to establish any eon-nexity between the Appellants’ financial interests in the nursing home and the alleged abuse from which her claims arise.
Id. at —. Accordingly, this court reversed the trial court’s determination with directions to grant Schwartzberg’s, Stolz-berg’s, and the Trusts’ motions to dismiss. Id.; see also Schwartzberg v. Estate of Simoneau, 77 So.3d 913, 914 (Fla. 1st DCA 2012) (summarily concluding that the trial court erred in denying the appellants’ motions to dismiss for lack of personal jurisdiction). We hereby adopt this court’s reasoning in Knobloch.
Upon reviewing the record, we conclude that Brown adequately pleaded a basis for personal jurisdiction over Schwartzberg, Stolzberg, and the Trusts in her complaint pursuant to section 48.193, Florida Statutes (2009). See Rand v. Hallmark of Hollywood Condo. Ass’n, 555 So.2d 1230, 1231 (Fla. 4th DCA 1989) (“A complaint which alleges long-arm jurisdiction by tracking the language of the statute does not require further pleading of facts to support the exercise of jurisdiction unless controverted by a motion to dismiss and supporting documentation tending to evidence the jurisdictional allegations are untrue.”). We similarly conclude that Schwartzberg’s, Stolzberg’s, and the Trusts’ affidavits fully refuted Brown’s jurisdictional allegations.[1] However, like in Knobloch, we hold that Brown simply *85 failed to establish a basis for personal jurisdiction in response to their affidavits.
The attachments to Fierro’s affidavit in this case-consisting of indirect knowledge of the Palm Terrace of Clewiston’s operations based, in part, on copies of licensures applications, “controlling interest” affidavits, and cost reports-are nearly identical to those in Knobloch.[2], Although the attachments show that Schwartzberg, Stolz-berg, and the Trusts had an ownership interest in the Palm Terrace of Clewiston, “such ownership, without more, is insufficient to establish personal jurisdiction over a nonresident defendant.” Knobloch, — So.3d — (citing Hilltopper Holding Corp., 955 So.2d at 603). Thus, Brown failed to establish any connection between Schwartzberg’s, Stolzberg’s, and the Trusts’ financial interests and the alleged harm committed against McCutchen or that they had maintained sufficient minimum contacts with the state. See id. The trial court therefore erred by ruling that it had personal jurisdiction over Schwartz-berg, Stolzberg, and the Trusts, and we reverse. On remand, the trial court is directed to grant their motions to dismiss.
Reversed and remanded with directions.
VILLANTI and LaROSE, JJ., Concur.

. We reach this conclusion despite several glaring scrivener's errors in Schwartzberg’s, Stolzberg’s, and the Trusts’ affidavits.

. We have the benefit of an additional attachment; a February 2004 copy of the articles of organization for SA-Clewiston, LLC. However, this attachment, like the other attachments, merely indicates that Schwartzberg, Stolzberg, and the Trusts were indirectly involved with the operation and management of the Palm Terrace of Clewiston.