DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FERRARI S.p.A.,** an Italian corporation,
Appellant,

v.

**GREGORY ROMANELLI,** individually, and
**TR3 RACING, INC.,** a Florida corporation,
Appellees.

No. 4D2024-0261

[January 29, 2025]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. 19-025713 CACE (14).

Daniel A. Rock and Robert J. Rudock of Bowman and Brooke LLP, Miami, for appellants.

Kalpesh Mehta and Michael T. Landen of Kluger, Kaplan, Silverman, Katzen & Levine, P.L., Miami, for appellees.

CIKLIN, J.

Ferrari S.p.A. ("Ferrari"), an Italian corporation with its principal place of business in Italy, appeals an order denying its motion to dismiss for lack of personal jurisdiction after a non-evidentiary hearing. The trial court denied dismissal based on a finding that it could exercise general jurisdiction over Ferrari under section 48.193(2), Florida Statutes (2015), Florida's "long-arm" statute.

The trial court's conclusion is erroneous and we reverse because (1) Ferrari provided affidavits that adequately rebutted the complaint's jurisdictional allegations in support of its motion to dismiss; and (2) the plaintiffs failed to provide sworn proof that a basis for general jurisdiction exists. Accordingly, Ferrari was entitled to dismissal under *Venetian Salami Company v. Parthenais,* 554 So. 2d 499 (Fla. 1989).

## *Background*

Gregory Romanelli and TR3 Racing, Inc. (collectively, "Plaintiffs") filed a multi-count complaint naming several defendants. In pertinent part, Plaintiffs raised strict liability tort and breach of implied warranty claims against Ferrari.

The operative complaint alleged that the trial court could exercise general jurisdiction over Ferrari pursuant to section 48.193(2) because Ferrari's "affiliation with Florida is [so] continuous and systematic that it renders Ferrari to be essentially at home" in the forum. In support, the complaint further asserted that Ferrari conducts business in Florida by:

– Manufacturing vehicles, parts, and equipment and providing services for at least seven Ferrari-authorized dealerships in Florida;

– Marketing its image to Florida customers through its website;

– Selling Ferrari museum tickets to Florida-based customers;

– Hosting the Ferrari Dealer Annual Meeting in Daytona Beach; and

– Having executives present for races in Florida.

Ferrari moved to dismiss the operative complaint for lack of personal jurisdiction, arguing its Florida business contacts did not meet the particularly high threshold necessary to support an exercise of general jurisdiction. Ferrari submitted two supporting affidavits executed by the same corporate representative. In pertinent part, the affiant attested that Ferrari:

– Is both incorporated and headquartered in Italy;

– Designs and manufactures its vehicles in Italy, not in the United States or the State of Florida;

– Is neither registered nor authorized to do business in Florida, does not have an agent for service of process in Florida, does not own Florida real estate, and is not a Florida taxpayer;

2

- Does not maintain a Florida sales force or conduct sales/marketing campaigns directed to either the general public or race teams in Florida;

- Does not sponsor races in the United States or the State of Florida;

- Does not sell museum tickets in Florida.

While the affiant acknowledged that Ferrari-authorized dealerships exist in Florida, the affiant further attested that those dealerships are entirely separate legal entities from Ferrari and not subject to Ferrari's direct supervision or control.

Plaintiffs filed an opposition to Ferrari's motion to dismiss, which did not include a counter-affidavit or other sworn proof. Instead, Plaintiffs attached several unsworn exhibits in support of their jurisdictional argument, mainly consisting of various web pages, invoices, and Ferrari corporate documents.

The matter proceeded to a non-evidentiary hearing, where the trial court orally ruled that it would deny Ferrari's motion to dismiss on a finding of general jurisdiction. In concluding Ferrari was subject to general jurisdiction, the court cited Ferrari's "multiple dealerships" in Florida, its "internet representations" to Florida users, and its other "contacts" with the forum. The trial court then rendered a written order to that effect. This appeal timely follows.

### Analysis
#### Burden-Shifting Framework

*Venetian Salami* sets forth the burden-shifting framework for determining whether personal jurisdiction exists over a non-resident defendant. 554 So. 2d at 502-03. The plaintiff carries the initial burden to plead a basis for personal jurisdiction under the long-arm statute, section 48.193. *Id.* at 502. That requirement is satisfied by "either tracking the language of the statute or by 'alleging specific facts that demonstrate that the defendant's actions fit within one or more subsections' of the long-arm statute." *Biose v. Orasan*, 379 So. 3d 1190, 1195 (Fla. 4th DCA 2024) (citation omitted) (quoting *Hilltopper Holding Corp. v. Est. of Cutchin ex rel. Engle*, 955 So. 2d 598, 601 (Fla. 2d DCA 2007)). If a statutory basis for jurisdiction is pled, the court determines whether sufficient "minimum contacts" are demonstrated to satisfy due process. *Id.* (quoting *Venetian Salami*, 554 So. 2d at 502).

3

To contest the complaint's jurisdictional allegations or dispute minimum contacts, the defendant must file affidavits in support of its position. *Venetian Salami*, 554 So. 2d at 502. The defendant's affidavits "must contain factual allegations which, *if taken as true*, show that the defendant's conduct does not subject him to jurisdiction." *Biose*, 379 So. 3d at 1195 (emphasis in original) (quoting *Hilltopper*, 955 So. 2d at 601). In other words, the defendant must refute the "essential jurisdictional facts" set forth in the complaint. *Kitroser v. Hurt*, 85 So. 3d 1084, 1087 (Fla. 2012).

If the defendant's affidavits are sufficient, the burden then shifts to the plaintiff to provide sworn proof that a basis for jurisdiction exists. *Venetian Salami*, 554 So. 2d at 502. If the plaintiff "fails to come forward with sworn proof to refute the allegations in the defendant's affidavit and to prove jurisdiction, the defendant's motion to dismiss must be granted." *Imerys Talc Am., Inc. v. Ricketts*, 262 So. 3d 799, 804 (Fla. 4th DCA 2018) (quoting *Hilltopper*, 955 So. 2d at 602).

*Two Forms of Jurisdiction*

There are two forms of personal jurisdiction—specific and general. *Id.* at 802. Specific jurisdiction refers to a court's adjudicatory authority when a suit "aris[es] out of or relate[s] to the defendant's contacts with the forum[.]" *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (first two alterations in original) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). In other words, specific jurisdiction arises when a corporate defendant's in-state activities have "not only been continuous and systematic, but also g[a]ve rise to the liabilities sued on." *Id.* at 126 (alteration in original) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)).

General jurisdiction, on the other hand, refers to situations where a defendant's contacts with a forum "justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Id.* at 127 (quoting *Int'l Shoe*, 326 U.S. at 318). The "paradigm" forums for general jurisdiction over a corporation are its place of incorporation and principal place of business. *Id.* at 137 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). Outside those paradigm forums, general jurisdiction lies only in an "exceptional case." *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017) (quoting *Daimler*, 571 U.S. at 139 n.19).

It is well-settled that the business contacts sufficient to confer general jurisdiction over a foreign corporation "present a *much higher threshold* than those contacts necessary to support specific jurisdiction." *Caiazzo v. Am. Royal Arts Corp.*, 73 So. 3d 245, 259 (Fla. 4th DCA 2011) (emphasis in original) (quoting *Trs. of Columbia Univ. v. Ocean World, S.A.*, 12 So. 3d 788, 792 (Fla. 4th DCA 2009)).

The relevant inquiry is not whether the corporation's in-forum contacts are "continuous and systematic" in some sense; rather, general jurisdiction exists only when those contacts "are so 'continuous and systematic' as to render [the corporation] essentially at home in the forum State." *Daimler*, 571 U.S. at 138-39 (quoting *Goodyear*, 564 U.S. at 919). The analysis does not focus "solely on the magnitude of the defendant's in-state contacts." *Id.* at 139 n.20. Instead, the analysis "calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide" because a corporation that "operates in many places can scarcely be deemed at home in all of them." *Id.*

Accordingly, without more, even significant in-forum business contacts do not support an exercise of general jurisdiction. *See BNSF*, 581 U.S. at 414 (holding Montana courts could not exercise general jurisdiction over a foreign railway company with "over 2,000 miles of railroad track and more than 2,000 employees in Montana").

### *Ferrari in Florida*

Here, the operative complaint alleges that Ferrari is subject to general jurisdiction in Florida because its "affiliation with Florida is [so] continuous and systematic that it renders Ferrari to be essentially at home" in the forum. In support, the complaint further alleges that Ferrari supplies at least seven authorized Florida dealerships, sells museum tickets to Florida customers, markets its brand to Florida customers through its website, hosts an annual dealers' meeting in Daytona Beach, and sends executives to Florida racing events.

Accepting, purely for the sake of analysis, that Plaintiffs met their initial burden to plead a basis for general jurisdiction under section 48.193(2), Ferrari's affidavits adequately rebutted the complaint's jurisdictional allegations.[1] Phrased differently, the affidavits' factual allegations, *taken*

---

[1] Ferrari does not challenge the facial sufficiency of the operative complaint's jurisdictional allegations. Therefore, we express no view as to whether Plaintiffs met their initial burden to plead a basis for personal jurisdiction under the long-arm statute.

*as true*, demonstrate that Ferrari is not subject to general jurisdiction in Florida. The affiant's statement that Ferrari is both incorporated and headquartered in Italy demonstrates that Florida is not one of the paradigm forums for general jurisdiction over Ferrari. As a result, a Florida court could exercise general jurisdiction over Ferrari only in an exceptional case. Taking the affidavits' remaining factual allegations as true, this simply is not one of those exceptional cases, and Ferrari is not subject to general jurisdiction in Florida.

Ferrari concedes that seven authorized Ferrari dealerships are located in Florida. However, the affiant attested that those dealerships are entirely separate legal entities and are not subject to Ferrari's direct control. Taking that assertion as true, the dealerships' Florida business contacts are not directly attributable to Ferrari for jurisdictional purposes. *See Team Health Holdings, Inc. v. Caceres*, 357 So. 3d 746, 752 (Fla. 3d DCA 2023) (quoting *Gadea v. Star Cruises, Ltd.*, 949 So. 2d 1143, 1146-47 (Fla. 3d DCA 2007)) (explaining that the acts of a subsidiary can support personal jurisdiction over a parent corporation when the parent has "operational control" over the subsidiary's "daily basic operation").

Even if those dealerships' contacts were attributable to Ferrari, the jurisdictional threshold would not be satisfied. In a similar context to the present case, the United States Supreme Court held that general jurisdiction did not lie over a foreign car manufacturer with substantially greater in-state contacts than those at issue here. In *Daimler*, the Court held that a German car manufacturer was not subject to general jurisdiction in California, even though its exclusive U.S. distributor, MBUSA, had multiple California-based facilities and was the largest supplier of luxury vehicles to the California market. *Daimler*, 571 U.S. at 122-23. In so holding, the Court emphasized that Daimler would not have been subject to general jurisdiction even if MBUSA's California contacts could be imputed to Daimler. *Id.* at 136.

Further, as the trial court observed, the record indicates that many Florida users have accessed Ferrari's website over the last several years. However, the mere existence of a website does not establish general jurisdiction over a foreign corporation. *Caiazzo*, 73 So. 3d at 260.

Additionally, the affiant denied the complaint's allegation that Ferrari sells museum tickets in Florida and attested that Ferrari is neither registered nor authorized to do business in Florida, does not have an agent for service of process in Florida, does not own Florida real estate, and is not a Florida taxpayer. Accepting those assertions as true, Ferrari's in-state contacts are entirely insufficient to support an exercise of general

6

jurisdiction. *See Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015) (applying Florida law and holding foreign corporation was not subject to general jurisdiction in Florida even though corporation had a Florida bank account and two Florida addresses, purchased insurance from Florida companies, filed a financing statement with the Florida Secretary of State, joined a Florida non-profit trade organization, and consented to jurisdiction in the Southern District of Florida for certain cases).

Therefore, Ferrari's affidavits adequately rebutted the operative complaint's jurisdictional allegations, and the burden shifted to Plaintiffs to provide sworn proof in support of general jurisdiction. *See Venetian Salami*, 554 So. 2d at 502.

We hold that Plaintiffs failed to meet that burden. Instead, Plaintiffs relied entirely on unsworn exhibits to support their jurisdictional position. As a result, Ferrari was entitled to dismissal under *Venetian Salami*. *See Ricketts*, 262 So. 3d at 804; *Unified Med., LLC v. Progressive Preferred Ins. Co.*, 389 So. 3d 658, 660 (Fla. 3d DCA 2024) (holding plaintiff's unsworn exhibits were insufficient to rebut defendant's affidavit in support of dismissal).[2]

Accordingly, we reverse the order denying the motion to dismiss and remand for the trial court to enter an order of dismissal as to Ferrari S.p.A.

*Reversed and remanded with instructions.*

GROSS and CONNER, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**

---

[2] To the extent Plaintiffs' unsworn exhibits were properly before the trial court, if at all, those exhibits would not change the result in this case. At most, Plaintiffs' exhibits indicate that Ferrari sells an uncertain number of vehicles and other products directly to Florida customers, holds an annual dealers' meeting in Daytona, marketed its brand during at least one Florida-based racing event, and allows its website to be accessed by Florida customers, and that a Ferrari merchandise shop operates in Miami. For the reasons discussed previously, those contacts would not support an exercise of general jurisdiction over Ferrari.