DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MERCHBAR, INC.** f/k/a **COPTHIS, INC.,**
Appellant,

v.

**ALLIANCE ENTERTAINMENT, LLC,**
Appellee.

No. 4D2025-1505

[January 7, 2026]

Appeal of nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. CACE 25000444.

Andrew T. Sarangoulis of Burr & Forman LLP, Fort Lauderdale, for appellant.

Ravi Batta of Rosenfeld Stein Batta, P.A., Aventura, for appellee.

FORST, J.

Defendant/appellant Merchbar, Inc., appeals a nonfinal order denying its motion to dismiss for lack of personal jurisdiction. We reverse because the plaintiff/appellee, Alliance Entertainment, LLC, failed to provide sworn proof to refute Merchbar's affidavit, which sufficiently contested jurisdiction.

**Background**

Alliance filed suit in Florida against Merchbar for breach of contract. Alliance's unverified complaint referred to Alliance and Merchbar as "foreign" corporations and sought to recover over $800,000 in damages against Merchbar. Alliance's complaint described the defendant it was suing as "Merchbar, Inc., f/k/a ["formerly known as"] Copthis, Inc." However, beyond this bare allegation, Alliance's complaint contained no further factual explanation regarding Merchbar and Copthis being the same company. The complaint further alleged: "Venue is proper in Broward County pursuant to the terms of the parties['] contract that selected that forum" and "[Merchbar] . . . entered into a contract with

[Alliance] and agreed to be bound by Florida law and to bring any litigation associated with that contract in Broward County, Florida."

No contract was attached to the complaint. While the complaint stated that Alliance was "registered with Florida Department of State," the complaint did not allege that Alliance maintains a place of business in Florida.

Merchbar moved to dismiss on the bases that Alliance's complaint failed to establish: (1) a basis for personal jurisdiction under Florida's long-arm statute, section 48.193, Florida Statutes (2023); and (2) Merchbar had minimum contacts with Florida such that personal jurisdiction was consistent with due process. Merchbar's dismissal motion noted that "[Alliance] has failed to attach the operative contract to the Complaint as required by [Florida Rule of Civil Procedure] 1.130(a)." Merchbar's motion further argued, "[Alliance]'s jurisdiction alleged over Merchbar is based on the missing alleged contract, that Merchbar consented in the contract to claim being brought in Florida. . . . Again, there is no contract attached supporting such."

In support of its dismissal motion, Merchbar attached its co-founder's affidavit. The affidavit averred that Merchbar had no contacts with Florida aside from an e-commerce website that could be accessed from Florida, and that less than three percent of its total sales over the preceding five years had originated from Florida-based customers. Additionally, the affidavit lacked any acknowledgment that Merchbar was formerly known as or used to operate under the name "Copthis, Inc." The affidavit denied the existence of any "written contract with Merchbar which includes a Florida choice of law or forum selection clause." The dismissal motion quoted the affidavit's denial that a written contract existed between Alliance and Merchbar.

After Merchbar filed its dismissal motion, Alliance filed a "notice of filing" purporting to attach a written contract between Alliance and Copthis to its complaint. The contract—a credit application—contained the following provisions:

1. The laws of the State of Florida shall be applicable to all disputes arising under this Credit Application or as a result of any extensions of credit by [Alliance] to [Copthis].

2. The undersigned and [Copthis] agree to remit payment for any credit extended at [Alliance's] principal place of

business; and it shall be conclusively presumed the failure to perform any such obligation shall give jurisdiction to the courts of the State of Florida. Further, should a dispute arise as a result of the extension of credit, then venue shall be at Broward County.

While the Merchbar affiant's name is typed on one page of the credit application as Copthis's "President," the application was signed by a different Copthis officer. Aside from the "fka" modifier in the complaint, Alliance's filings fail to address the implicit claim that Merchbar and Copthis are the same company.

Alliance did not submit a competing affidavit or any other sworn proof in response to Merchbar's affidavit denying a contractual basis for jurisdiction. The circuit court denied Merchbar's motion without an evidentiary hearing.[1]

## Analysis

As a preliminary matter, we reject Alliance's argument that Merchbar waived its right to challenge jurisdiction. Merchbar raised a timely objection and did not thereafter request affirmative relief on the case's merits. *See Biose v. Orasan,* 379 So. 3d 1190, 1194–95 (Fla. 4th DCA 2024).

"An order on a motion to dismiss for lack of personal jurisdiction is reviewed de novo." *Id.* at 1194.

Determining whether personal jurisdiction exists over a non-resident involves a two-step inquiry:

First, the court determines whether the complaint alleges a basis for jurisdiction under Florida's long-arm statute, section 48.193, Florida Statutes (2017). [*Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989)]. The requirement is satisfied by either tracking the language of the statute, *id.*, or by "alleging specific facts that demonstrate that the defendant's actions fit within one or more subsections" of the long-arm statute. *Hilltopper Holding Corp. v. Est. of Cutchin*

---

[1] Merchbar's reply brief alludes to a proceeding for which no court reporter was present. Neither party's appellate briefs. nor the documentation in the record that was submitted as an appendix, reference an evidentiary hearing.

3

*ex rel. Engle*, 955 So. 2d 598, 601 (Fla. 2d DCA 2007) (citing *Wash. Cap. Corp. v. Milandco, Ltd.*, 695 So. 2d 838, 841 (Fla. 4th DCA 1997)). If a statutory basis for jurisdiction is pled, the next inquiry is whether sufficient "minimum contacts" are demonstrated to satisfy due process. *Venetian Salami*, 554 So. 2d at 502. To contest the complaint's factual allegations or raise a contention of minimum contacts, the defendant must file affidavits supporting their position. *Id.* The affidavit "must contain factual allegations which, *if taken as true,* show that the defendant's conduct does not subject him to jurisdiction." *Hilltopper*, 955 So. 2d at 601 (citing *Acquadro v. Bergeron*, 851 So. 2d 665, 672 (Fla. 2003)).

If the defendant's affidavit is legally sufficient, the burden then shifts to the plaintiff to provide sworn proof that a basis for jurisdiction exists. *Venetian Salami*, 554 So. 2d at 502. Where the affidavits cannot be reconciled, the trial court must hold a limited evidentiary hearing to determine the jurisdictional issue. *Id.* at 503.

*Biose*, 379 So. 3d at 1195.

"If the plaintiff fails to come forward with sworn proof to refute the allegations in the defendant's affidavit and to prove jurisdiction, the defendant's motion to dismiss must be granted." *Hilltopper*, 955 So. 2d at 602.

Florida's long-arm statute authorizes specific jurisdiction over non-residents for contract-based claims that comply with Florida's choice-of-law statute. §§ 48.193(1)(a)(9), 685.101, 685.102, Fla. Stat. (2023).

"When sections 685.101 and 685.102 are satisfied, personal jurisdiction may be exercised and the courts may dispense with the more traditional minimum contacts analysis." *Corp. Creations Enters. LLC v. Brian R. Fons Att'y at Law P.C.*, 225 So. 3d 296, 301 (Fla. 4th DCA 2017) (citation omitted). Under this framework, jurisdiction exists if there is a contract that: (1) includes a choice of law provision designating Florida law as the governing law, in whole or in part; (2) includes a provision whereby the non-resident expressly agrees to submit to the jurisdiction of the courts of Florida; (3) involves consideration of not less than $250,000 or relates to an obligation arising out of a transaction involving in the aggregate not less than $250,000; (4) does not violate the United States Constitution; and (5) either bears "a substantial or reasonable relation to Florida" or at least one of the parties is a resident of Florida or incorporated

4

under the laws of Florida. *Id.*; *Hamilton v. Hamilton*, 142 So. 3d 969, 971–72 (Fla. 4th DCA 2014).

On this record, the circuit court erred in denying Merchbar's motion to dismiss. Alliance's unverified complaint alleged Alliance was "registered with Florida Department of State," and documents appended to the complaint hint, without directly stating, that Alliance has an address in Florida. However, an "unverified complaint [is] not evidence." *Greenspire Glob., Inc. v. Sarasota Green Grp., LLC*, 363 So. 3d 1150, 1152 (Fla. 2d DCA 2023). Similarly, unauthenticated attachments to an unverified complaint have no evidentiary value. *Eco-Tradition, LLC v. Pennzoil-Quaker State Co.*, 137 So. 3d 495, 496 (Fla. 4th DCA 2014). Moreover, the complaint refers to both parties as "foreign corporations."

In turn, Merchbar's dismissal motion and affidavit denied that any contract existed in which Merchbar agreed to submit to personal jurisdiction in Florida. As noted above, the contracts submitted by Alliance did not mention "Merchbar."

Merchbar's factual allegations, "if taken as true, show that the defendant's conduct does not subject [it] to jurisdiction." *Biose*, 379 So. 3d at 1195 (emphasis removed) (quoting *Hilltopper*, 955 So. 2d at 601). Thus, the burden shifted to Alliance "to provide sworn proof that a basis for jurisdiction exists." *Id.* (citing *Venetian Salami*, 554 So. 2d at 502).

In response to Merchbar's dismissal motion, Alliance failed to respond, providing no sworn proof that a basis for jurisdiction exists. In fact, Alliance filed no sworn proof of anything. Alliance filed only a contract that lacks any reference to Merchbar's name. Presented with only an unverified complaint and no sworn proof in response to Merchbar's legally sufficient dismissal motion and affidavit, the circuit court was required to grant Merchbar's motion to dismiss. *See Hilltopper*, 955 So. 2d at 602.

**Conclusion**

Accordingly, we reverse the circuit court's order and remand with instructions to dismiss Alliance's complaint for lack of personal jurisdiction.

*Reversed and remanded for further proceedings.*

CIKLIN and LEVINE, JJ., concur.

\* \* \*

5

*Not final until disposition of timely-filed motion for rehearing.*